## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**        **2. PLEASE TYPE OR PRINT**        **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption:<br><br>JOHN DOE<br><br>vs.<br><br>NEW YORK UNIVERSITY | District Court or Agency:<br>**SDNY** | Judge:<br>**MARY KAY VYSKOCIL** |
|---|---|---|
| | Date the Order or Judgment Appealed from was Entered on the Docket:<br>**08.18.23** | District Court Docket No.:<br>**23-1246** |
| | Date the Notice of Appeal was Filed: | Is this a Cross Appeal?<br>☐ Yes  ☐ No |

| Attorney(s) for Appellant(s):<br>☒ Plaintiff<br>☐ Defendant | Counsel's Name:<br>Norman A. Pattis | Address:<br>383 Orange St.<br>New Haven, CT 06511 | Telephone No.:<br>203-393-3017 | Fax No.:<br>203-393-9745 | E-mail:<br>npattis@pattislaw.com |
|---|---|---|---|---|---|
| Attorney(s) for Appellee(s):<br>☐ Plaintiff<br>☒ Defendant | Counsel's Name:<br>Jeffrey Metzler | Address:<br>131 West 52nd St.<br>New York NY 10019 | Telephone No.:<br>212-588-1153 | Fax No.:<br>212-602-0159 | E-mail:<br>jeffreymetzler@pillsburylaw.com |

| Has Transcript Been Prepared?<br>no transcript | Approx. Number of Transcript Pages:<br>-0- | Number of Exhibits Appended to Transcript:<br>-0- | Has this matter been before this Circuit previously? ☐ Yes  ☒ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:          Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

***ADDENDUM "A":*** **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B":*** **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

### PART A: JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party            ☐ Diversity<br>☒ Federal question      ☐ Other (specify):<br>   (U.S. not a party) | ☒ Final Decision          ☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))<br>☐ Interlocutory Decision    ☐ Other (specify):<br>   Appealable As of Right |

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**PART B: DISTRICT COURT DISPOSITION (Check as many as apply)**

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | | 3. Relief |
|---|---|---|---|

**1. Stage of Proceedings**
- [X] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [X] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**
- [X] Damages:
  - [ ] Sought: $ TBD
  - [ ] Granted: $ _____
  - [ ] Denied: $ _____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

**PART C: NATURE OF SUIT (Check as many as apply)**

**1. Federal Statutes**
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright □ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**
- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**
- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**
- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**
- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify):
- [X] Other (specify): Title IX

**6. General**
- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**
- [ ] Yes  [X] No

Will appeal raise a matter of first impression?
- [X] Yes  [ ] No

---

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [X] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   - (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes [X] No
   - (B) Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes [X] No

If yes, state whether □ "A," or □ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: JOHN DOE | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|
| Name of Appellant: | | | |

| Date: September 25, 2023 | Signature of Counsel of Record: |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

## ADDENDUM A

### I.    Brief Statement of the Case

This is an action arising from the expulsion of John Doe, who was a student at New York University. While enrolled, Mr. Doe and a female student interacted in a way that led the female student to complaint that she had been harassed. The university opened a Title IX investigation pursuant to university policies and procedures. John Doe had a faculty advisor. Doe contends the advisor advised Doe not to file a cross complaint against the young woman at issue. Doe believes that she, too, had harassed him in violation of university policies and procedures. Doe contends the advisor told him the case against him would not result in his explusion and that if Doe were to complain about the young woman it would simply make a tense situation worse. In reliance on the advice of the advisor, Doe did not file a complaint. He was expelled. When he then sought to raise a complaint against the young woman, he was told it was too late to do so.

The case will proceed on appeal on theories similar to other Title IX cases pursued in this and other circuits. The contention will be that the advice of the advisor was the functional equivalent of ineffective assistance of counsel. The advisor misadvised him, to his detriment. This is an issue of first impression.

The undersigned is litigating similar issues involving the scope of due process afforded students in Title IX cases in a case currently sub judice in the Circuit. *Kahn v. Yale*, 21-cv-95. See also, *Kahn v. Yale*, 347 Conn. 1 (2023).

### II.    Disposition in the District Court

The District Court entered summary judgment in favor of the defendant on August 18, 2023.

### III.    Notice of Appeal and District Court Docket Sheet

See attached.

### IV.    Relevant Order

See attached.

**ADDENDUM B**

I.  **Preliminary Issues to be Raise on Appeal and Standard(s) of Review**

A.  Whether the Trial Court Erred in Granting Summary Judgment to the Defendant as There Were Disputed Issues of Material Fact Sufficient to Warrant a Jury Trial Regarding Bad Advice Given to a Student About His Rights in a Title IX University Disciplinary Process?

Standard of Review:  De novo.

B.  Whether in the Context of a Title IX Investigation of Harassment in a University Setting a "Faculty Advisor" Can Provide "Ineffective Assistance of Counsel" Sufficient to Deprive a Student of Due Process?

Standard of review: De novo.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JOHN DOE,

      Plaintiff,

      v.

NEW YORK UNIVERSITY,

      Defendant.

**1:20-cv-01343-MKV**

## <u>NOTICE OF APPEAL</u>

The Plaintiff, John Doe, hereby gives notice that he appeals the Court's judgment, entered on Aug. 18, 2023, upon the granting of summary judgment, to the United States Court of Appeals for the Second Circuit.

THE PLAINTIFF

By: **/s/ Norman A. Pattis**
Norman A. Pattis
Pattis & Associates, LLC
383 Orange St., Fl. 1
New Haven, CT 06511
Tel: (203) 393-3017
Fax: (203) 393-9745
npattis@pattislaw.com

Dated: September 8, 2023

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2023 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF system.

/s/ Norman A. Pattis
Norman A. Pattis

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:20-cv-01343-MKV

Doe v. New York University
Assigned to: Judge Mary Kay Vyskocil
Cause: 20:1681 Title IX Educational Amendments 1992 - Sex
Discrimination

Date Filed: 02/14/2020
Date Terminated: 08/18/2023
Jury Demand: Both
Nature of Suit: 448 Civil Rights: Education
Jurisdiction: Federal Question

**Plaintiff**

**John Doe**                          represented by   **Kimberly C. Lau**
Warshaw Burstein LLP
575 Lexington Avenue
7th Floor
10022
New York, NY 10022
212-984-7700
Fax: 212-972-9150
Email: klau@wbny.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Norman Alexander Pattis**
Pattis & Smith, LLC
383 Orange Street
1st Floor
New Haven, CT 06511
203-393-3017
Fax: 203-393-9745
Email: npattis@pattissmith.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Edward Figliozzi**
Warshaw Burstein LLP
575 Lexington Avenue
7th Floor
10022
New York, NY 10022
212-984-7700
Fax: 212-972-9150
Email: jfigliozzi@wbny.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**New York University**                     represented by **Jeffrey Metzler**
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019
212-858-1000
Email: jeffrey.metzler@pillsburylaw.com
*ATTORNEY TO BE NOTICED*

**Max Winograd**
Holland & Knight LLP
31 West 52nd Street
New York, NY 10001
212-858-1246
Email: max.winograd@pillsburylaw.com
*ATTORNEY TO BE NOTICED*

**Melissa Pettit**
Pillsbury Winthrop Shaw Pittman LLP
31 West 52 Street
New York, NY 10019
212-858-1284
Email: melissa.pettit@pillsburylaw.com
*TERMINATED: 01/14/2023*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 02/18/2020 |   | ***NOTICE TO ATTORNEY TO FILE CIVIL INITIAL PLEADING. Notice to Attorney Kimberly C. Lau to electronically file the initial pleading in this case. Failure to file the initial pleading may result in the dismissal of the case pursuant to Amended Standing Order 15-mc-00131. Initial Pleading due by 2/24/2020. (pc)** (Entered: 02/18/2020) |
| 02/18/2020 |   | ***NOTICE TO ATTORNEY TO ELECTRONICALLY FILE CIVIL COVER SHEET. Notice to Attorney Kimberly C. Lau. Attorney must electronically file the Civil Cover Sheet. Use the event type Civil Cover Sheet found under the event list Other Documents. (pc)** (Entered: 02/18/2020) |
| 02/18/2020 | 1 | COMPLAINT against New York University. (Filing Fee $ 400.00, Receipt Number ANYSDC-18831522)Document filed by JOHN DOE..(Lau, Kimberly) (Entered: 02/18/2020) |
| 02/18/2020 | 2 | CIVIL COVER SHEET filed..(Lau, Kimberly) (Entered: 02/18/2020) |
| 02/18/2020 | 3 | REQUEST FOR ISSUANCE OF SUMMONS as to New York University, re: 1 Complaint. Document filed by JOHN DOE..(Lau, Kimberly) (Entered: 02/18/2020) |
| 02/18/2020 | 4 | MOTION to Substitute Party. Old Party: New Party: *John Doe*. Document filed by JOHN DOE..(Lau, Kimberly) (Entered: 02/18/2020) |
| 02/18/2020 | 5 | MEMORANDUM OF LAW in Support re: 4 MOTION to Substitute Party. Old Party: New Party: *John Doe*. . Document filed by JOHN DOE. (Attachments: # 1 Text of Proposed Order).(Lau, Kimberly) (Entered: 02/18/2020) |
| 02/19/2020 |   | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Kimberly C. Lau. The party information for the following party/parties has been modified: Kimberly C. Lau. The information for the party/parties has been** |

| | | |
|---|---|---|
| | | modified for the following reason/reasons: party name was entered in all caps;. (pc) (Entered: 02/19/2020) |
| 02/19/2020 | | ***NOTICE TO ATTORNEY REGARDING CIVIL. CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Kimberly C. Lau. The following case opening statistical information was erroneously selected/entered: Cause of Action code 20:1681; Fee Status code due (due);. The following correction(s) have been made to your case entry: the Cause of Action code has been modified to 28:1331; the Fee Status code has been modified to pd (paid);. (pc) (Entered: 02/19/2020) |
| 02/19/2020 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Gregory H. Woods. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(pc) (Entered: 02/19/2020) |
| 02/19/2020 | | Magistrate Judge Gabriel W. Gorenstein is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (pc) (Entered: 02/19/2020) |
| 02/19/2020 | | Case Designated ECF. (pc) (Entered: 02/19/2020) |
| 02/19/2020 | 6 | ELECTRONIC SUMMONS ISSUED as to New York University..(pc) (Entered: 02/19/2020) |
| 02/19/2020 | 7 | NOTICE OF APPEARANCE by James Edward Figliozzi on behalf of John Doe.. (Figliozzi, James) (Entered: 02/19/2020) |
| 02/21/2020 | 8 | NOTICE OF INITIAL PRETRIAL CONFERENCE: This case has been assigned to me for all purposes. It is hereby ORDERED that counsel for all parties appear for an initial pretrial conference with the Court at the time and place listed below. DUE DATE OF JOINT LETTER and PROPOSED CASE MANAGEMENT PLAN: May 8, 2020. DATE AND PLACE OF CONFERENCE: May 15, 2020 at 4:00 p.m. in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York, 10007. And as set forth herein. SO ORDERED. Initial Conference set for 5/15/2020 at 04:00 PM in Courtroom 12C, 500 Pearl Street, New York, NY 10007 before Judge Gregory H. Woods. (Signed by Judge Gregory H. Woods on 2/21/2020) (ama) (Entered: 02/21/2020) |
| 02/21/2020 | 9 | ORDER: On February 14, 2020, Plaintiff filed a motion for an order granting Plaintiff leave to proceed in this action under a pseudonym. Dkt. No. 4. If Defendant intends to oppose this motion, Defendant is directed to file its opposition by the earlier of May 1, 2020 or two weeks after the date on which Defendant is served or appears in this action. Plaintiff is directed to serve a copy of this order on Defendant and to retain proof of service. SO ORDERED., ( Responses due by 5/1/2020) (Signed by Judge Gregory H. Woods on 2/21/2020) (ama) (Entered: 02/21/2020) |
| 02/28/2020 | 10 | AFFIDAVIT OF SERVICE of Summons and Complaint. New York University served on 2/21/2020, answer due 3/13/2020. Service was accepted by Ankita Chaudhary-Administrator, Legal Operations. Document filed by John Doe..(Lau, Kimberly) (Entered: 02/28/2020) |

| 03/04/2020 | 11 | NOTICE OF APPEARANCE by Jeffrey Metzler on behalf of New York University.. (Metzler, Jeffrey) (Entered: 03/04/2020) |
|---|---|---|
| 03/04/2020 | 12 | LETTER MOTION for Extension of Time *to respond to the Complaint until April 10, 2020 and to respond to Plaintiffs Motion for Leave until March 18, 2020* addressed to Judge Gregory H. Woods from Jeffrey Metzler dated March 4, 2020. Document filed by New York University..(Metzler, Jeffrey) (Entered: 03/04/2020) |
| 03/05/2020 | 13 | ORDER: granting 12 Letter Motion for Extension of Time. Application granted. Defendant's opposition to Plaintiff's motion for an order granting Plaintiff leave to proceed under a pseudonym, Dkt. No. 4, is due by March 18, 2020; Plaintiff's reply, if any, is due one week following the date of service of Defendant's opposition. Defendant's deadline to answer or otherwise respond to the Complaint, Dkt. No. 1, is extended to April 10, 2020. SO ORDERED. (Signed by Judge Gregory H. Woods on 3/05/2020) (ama) (Entered: 03/05/2020) |
| 03/05/2020 | | Set/Reset Deadlines: New York University answer due 4/10/2020. Responses due by 3/18/2020 (ama) (Entered: 03/05/2020) |
| 03/13/2020 | 14 | LETTER addressed to Judge Gregory H. Woods from Jeffrey Metzler dated March 13, 2020 re: Defendant's decision not to oppose Motion for Leave to Proceed under a Pseudonym. Document filed by New York University..(Metzler, Jeffrey) (Entered: 03/13/2020) |
| 04/10/2020 | 15 | LETTER MOTION for Conference addressed to Judge Gregory H. Woods from Jeffrey P. Metzler dated April 10, 2020. Document filed by New York University..(Metzler, Jeffrey) (Entered: 04/10/2020) |
| 04/13/2020 | 16 | ORDER granting 15 Letter Motion for Conference. Application granted. The Court will hold a pre-motion conference call on April 16, 2020 at 4:00 p.m. The parties are directed to the Court's Emergency Rules related to the COVID-19 pandemic, which are available on the Court's website, for dial-in numbers for the conference and other relevant information. Pre-Motion Conference set for 4/16/2020 at 04:00 PM before Judge Gregory H. Woods. (Signed by Judge Gregory H. Woods on 4/13/2020) (cf) (Entered: 04/13/2020) |
| 04/15/2020 | 17 | LETTER RESPONSE to Motion addressed to Judge Gregory H. Woods from James E. Figliozzi dated April 15, 2020 re: 15 LETTER MOTION for Conference addressed to Judge Gregory H. Woods from Jeffrey P. Metzler dated April 10, 2020. . Document filed by John Doe..(Figliozzi, James) (Entered: 04/15/2020) |
| 04/16/2020 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Pre-Motion Conference held via teleconference on 4/16/2020. (Daniels, Anthony) (Entered: 04/30/2020) |
| 04/17/2020 | 18 | ORDER. Defendant's April 10, 2020 request for leave to file a motion to dismiss, Dkt. No. 15, is granted. The deadline for Defendant to file and serve its motion to dismiss is May 11, 2020. Plaintiff's opposition is due three weeks after the date of service of Defendant's motion; and Defendant's reply, if any, is due one week after the date of service of Plaintiff's opposition. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (Woods, Gregory) (Entered: 04/17/2020) |
| 05/01/2020 | 19 | ORDER granting 4 Motion to Proceed under a Pseudonym. Plaintiff has moved to proceed under a pseudonym. Dkt. No. 5. Defendant has not opposed the motion. Dkt. No. 14. Having considered the application of the factors identified by the Second Circuit in Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185(2d Cir. 2008), to the facts of this case as set forth by Plaintiff in his motion, Plaintiff's motion is granted. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Woods, Gregory) (Entered: 05/01/2020) |

| 05/08/2020 | 20 | LETTER addressed to Judge Gregory H. Woods from James E. Figliozzi dated May 7, 2020 re: Joint Initial Pretrial Letter. Document filed by John Doe..(Figliozzi, James) (Entered: 05/08/2020) |
|---|---|---|
| 05/11/2020 | 21 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by New York University..(Metzler, Jeffrey) (Entered: 05/11/2020) |
| 05/11/2020 | 22 | MOTION to Dismiss *Notice of Motion to Dismiss Plaintiff's Complaint*. Document filed by New York University..(Metzler, Jeffrey) (Entered: 05/11/2020) |
| 05/11/2020 | 23 | MEMORANDUM OF LAW in Support re: 22 MOTION to Dismiss *Notice of Motion to Dismiss Plaintiff's Complaint*. . Document filed by New York University..(Metzler, Jeffrey) (Entered: 05/11/2020) |
| 05/11/2020 | 24 | DECLARATION of William Miller in Support re: 22 MOTION to Dismiss *Notice of Motion to Dismiss Plaintiff's Complaint*.. Document filed by New York University. (Attachments: # 1 Exhibit A, # 2 Exhibit B Part 1, # 3 Exhibit B Part 2, # 4 Exhibit B Part 3, # 5 Exhibit B Part 4, # 6 Exhibit B Part 5, # 7 Exhibit B Part 6, # 8 Exhibit B Part 7, # 9 Exhibit B Part 8, # 10 Exhibit B Part 9, # 11 Exhibit B Part 10, # 12 Exhibit B Part 11, # 13 Exhibit B Part 12, # 14 Exhibit B Part 13, # 15 Exhibit B Part 14, # 16 Exhibit B Part 15, # 17 Exhibit B Part 16, # 18 Exhibit B Part 17, # 19 Exhibit B Part 18, # 20 Exhibit B Part 19, # 21 Exhibit B Part 20, # 22 Exhibit B Part 21, # 23 Exhibit B Part 22, # 24 Exhibit B Part 23, # 25 Exhibit B Part 24, # 26 Exhibit B Part 25, # 27 Exhibit B Part 26, # 28 Exhibit B Part 27, # 29 Exhibit B Part 28, # 30 Exhibit B Part 29, # 31 Exhibit B Part 30, # 32 Exhibit B Part 31, # 33 Exhibit B Part 32, # 34 Exhibit B Part 33, # 35 Exhibit B Part 34, # 36 Exhibit B Part 35, # 37 Exhibit B Part 36, # 38 Exhibit B Part 37, # 39 Exhibit B Part 38, # 40 Exhibit C, # 41 Exhibit D).(Metzler, Jeffrey) (Entered: 05/11/2020) |
| 05/12/2020 | 25 | ORDER. The initial pretrial conference scheduled for May 15, 2020 at 4:00 p.m. will be held via conference call. The parties are directed to use the conference call dial-in information and access code noted in the Court's Emergency Rules in light of COVID-19, available on the Court's website, and are specifically directed to comply with Emergency Rule 2(c). (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (Woods, Gregory) (Entered: 05/12/2020) |
| 05/15/2020 | 26 | ORDER. For the reasons set forth on the record during the conference held on May 15, 2020, discovery is stayed pending the briefing and resolution of Defendant's pending motion to dismiss. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (Woods, Gregory) (Entered: 05/15/2020) |
| 06/01/2020 | 27 | AMENDED COMPLAINT amending 1 Complaint against New York University with JURY DEMAND.Document filed by John Doe. Related document: 1 Complaint..(Lau, Kimberly) (Entered: 06/01/2020) |
| 06/02/2020 | 28 | ORDER denying as moot 22 Motion to Dismiss. On June 1, 2020, Plaintiff filed an Amended Complaint. Dkt. No. 27. Because Plaintiff has amended his complaint, Defendant's motion to dismiss, Dkt. No. 22, is denied as moot. The deadline by which Defendant must answer or otherwise respond to the Amended Complaint is June 22, 2020. If Defendant still anticipates moving to dismiss, the Court will dispense with the pre-motion conference requirement. Should Defendant so move, Plaintiff's opposition is due three weeks after the date of service of Defendant's motion; Defendant's reply, if any, is due one week after the date of service of Plaintiff's opposition. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Woods, Gregory) (Entered: 06/02/2020) |
| 06/17/2020 | 29 | PROPOSED ORDER. Document filed by New York University..(Metzler, Jeffrey) **Proposed Order to be reviewed by Clerk's Office staff.** (Entered: 06/17/2020) |

| 06/17/2020 | [30](#) | JOINT LETTER addressed to Judge Gregory H. Woods from Jeffrey Metzler dated June 17, 2020 re: Proposed Order. Document filed by New York University..(Metzler, Jeffrey) (Entered: 06/17/2020) |
|---|---|---|
| 06/18/2020 | | ***NOTICE TO COURT REGARDING PROPOSED ORDER. Document No. [29](#) Proposed Order was reviewed and approved as to form. (km)** (Entered: 06/18/2020) |
| 06/18/2020 | [31](#) | MEMO ENDORSEMENT on re: [30](#) JOINT LETTER addressed to Judge Gregory H. Woods from Jeffrey Metzler dated June 17, 2020 re: Proposed Order. Document filed by New York University. ENDORSEMENT: Application denied. The Court's order granting Plaintiff permission to proceed under a pseudonym, Dkt. No. 5, did not cover the broader categories of information sought to be sealed by the parties' proposed order. The Court authorized the plaintiff to use a pseudonym for purposes of his pleadings; this proposal requests that the Court seal what appears to be a substantial volume of the evidence underlying this case--including any information that "could" reveal the identity of Plaintiff or his accuser. It is not reasonable to suggest that the Court's decision to permit Plaintiff to proceed under a pseudonym for purposes of the pleadings supports this broad sealing request; it does not. Any renewed motion to seal should be filed contemporaneously with the parties' briefing on Defendant's anticipated motion to dismiss, in accordance with Rule 4(A)(ii) of the Court's Individual Rules of Practice in Civil Cases. The parties are reminded that there is a presumption of public access to judicial documents; the parties should not expect that evidence and information presented to the Court to support its evaluation of any motions--judicial documents--will not be disclosed to the public. SO ORDERED. (Signed by Judge Gregory H. Woods on 6/18/2020) (rjm) (Entered: 06/18/2020) |
| 06/22/2020 | [32](#) | MOTION to Dismiss *Notice of Motion to Dismiss Plaintiff's Amended Complaint*. Document filed by New York University..(Metzler, Jeffrey) (Entered: 06/22/2020) |
| 06/22/2020 | [33](#) | DECLARATION of William Miller in Support re: [32](#) MOTION to Dismiss *Notice of Motion to Dismiss Plaintiff's Amended Complaint*.. Document filed by New York University. (Attachments: # [1](#) Exhibit A Procedures, # [2](#) Exhibit B Redacted ISR Part 1, # [3](#) Exhibit B Redacted ISR Part 2, # [4](#) Exhibit B Redacted ISR Part 3, # [5](#) Exhibit B Redacted ISR Part 4, # [6](#) Exhibit C Slip sheet, # [7](#) Exhibit D Redacted Hearing Decision, # [8](#) Exhibit E Redacted Appeal Statement, # [9](#) Exhibit F Redacted Appeal Decision). (Metzler, Jeffrey) (Entered: 06/22/2020) |
| 06/22/2020 | [34](#) | MEMORANDUM OF LAW in Support re: [32](#) MOTION to Dismiss *Notice of Motion to Dismiss Plaintiff's Amended Complaint*. . Document filed by New York University.. (Metzler, Jeffrey) (Entered: 06/22/2020) |
| 06/22/2020 | [35](#) | LETTER MOTION to Seal *for Leave to File Redacted and Sealed Exhibits on Motion to Dismiss* addressed to Judge Gregory H. Woods from Jeffrey Metzler dated June 22, 2020. Document filed by New York University. (Attachments: # [1](#) Exhibit B (Redacted ISR with slipsheet Part 1, # [2](#) Exhibit B (Redacted ISR with slipsheet Part 2, # [3](#) Exhibit B (Redacted ISR with slipsheet Part 3, # [4](#) Exhibit B (Redacted ISR with slipsheet Part 4, # [5](#) Exhibit D (Redacted Hearing Decision), # [6](#) Exhibit E (Redacted Appeal Statement), # [7](#) Exhibit F (Redacted Appeal Decision)).(Metzler, Jeffrey) (Entered: 06/22/2020) |
| 06/22/2020 | [36](#) | ***SELECTED PARTIES*** LETTER addressed to Judge Gregory H. Woods from Jeffrey Metzler dated June 22, 2020 re: Leave to File Redacted and Sealed Exhibits on Motion to Dismiss. Document filed by John Doe, New York University. (Attachments: # [1](#) Exhibit B Outline Redacted ISR Part 1, # [2](#) Exhibit B Outline Redacted ISR Part 2, # [3](#) Exhibit B Outline Redacted ISR Part 3, # [4](#) Exhibit B Outline Redacted ISR Part 4, # [5](#) Exhibit B Outline Redacted ISR Part 5, # [6](#) Exhibit B Outline Redacted ISR Part 6, # [7](#) Exhibit B Outline Redacted ISR Part 7, # [8](#) Exhibit B Outline Redacted ISR Part 8, # [9](#) |

| | | |
|---|---|---|
| | | Exhibit C Slip Sheet, # 10 Exhibit D Outline Redacted Hearing Decision, # 11 Exhibit E Outline Redacted Appeal Statement, # 12 Exhibit F Outline Redacted Appeal Decision)Motion or Order to File Under Seal: 35 .(Metzler, Jeffrey) (Entered: 06/22/2020) |
| 07/13/2020 | 37 | MEMORANDUM OF LAW in Opposition re: 32 MOTION to Dismiss / *Notice of Motion to Dismiss Plaintiff's Amended Complaint*. . Document filed by John Doe..(Lau, Kimberly) (Entered: 07/13/2020) |
| 07/20/2020 | 38 | REPLY MEMORANDUM OF LAW in Support re: 32 MOTION to Dismiss / *Notice of Motion to Dismiss Plaintiff's Amended Complaint*. . Document filed by New York University..(Metzler, Jeffrey) (Entered: 07/20/2020) |
| 07/21/2020 | 39 | REPLY MEMORANDUM OF LAW in Support re: 32 MOTION to Dismiss / *Notice of Motion to Dismiss Plaintiff's Amended Complaint. (CORRECTED)*. Document filed by New York University..(Metzler, Jeffrey) (Entered: 07/21/2020) |
| 03/31/2021 | 40 | MEMORANDUM OPINION AND ORDER re: 32 MOTION to Dismiss / *Notice of Motion to Dismiss Plaintiff's Amended Complaint*. filed by New York University. For the reasons stated above, Defendant's motion to dismiss Plaintiff's Amended Complaint is GRANTED as to Plaintiff's promissory estoppel claim regarding Signor's promise that Plaintiff could file his Title IX complaint against Jane after her complaint against Plaintiff was adjudicated; Defendant's motion is DENIED as to all other claims. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 32. SO ORDERED. (Signed by Judge Gregory H. Woods on 3/31/2021) (ks) Modified on 3/31/2021 (ks). (Entered: 03/31/2021) |
| 03/31/2021 | 41 | ORDER granting 35 Letter Motion to Seal. Defendant's June 22, 2020 request to seal certain documents, Dkt. No. 36, is granted. The Court has examined the records that Defendant requests to seal through the rubric described in Mirlis v. Greer, 952 F.3d 51 (2d Cir. 2020). The documents presented to the Court in support of the motion to dismiss are judicial documents. The weight associated with the documents that the parties seek to seal is modest because the names and images of the individuals whose information was redacted did not play a role in the Court's evaluation of the motion to dismiss. The weight is lower with respect to those documents that the Court has determined not to be integral to the complaint. Given the weight of these documents, the Court concludes that the presumption of public access is outweighed by the privacy interests of the individuals involved for substantially the reasons described by Defendant in its letter. This conclusion applies only to the application to seal these materials in connection with Defendant's motion to dismiss. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (Woods, Gregory) (Entered: 03/31/2021) |
| 04/12/2021 | 42 | LETTER MOTION for Extension of Time *to respond to the Complaint until April 28, 2021* addressed to Judge Gregory H. Woods from Jeffrey Metzler dated April 12, 2021. Document filed by New York University..(Metzler, Jeffrey) (Entered: 04/12/2021) |
| 04/13/2021 | 43 | ORDER granting 42 . Defendant's April 12, 2021 request for an extension of time to answer or otherwise respond to the complaint, Dkt. No. 42, is granted. The deadline for Defendant to answer or otherwise respond is extended to April 28, 2021. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (wv) (Entered: 04/13/2021) |
| 04/13/2021 | 44 | NOTICE OF INITIAL PRETRIAL CONFERENCE: The conference will be conducted by telephone. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules. Initial Conference set for 5/21/2021 at 03:00 PM before Judge |

| | | Gregory H. Woods. (Signed by Judge Gregory H. Woods on 4/13/2021) (nb) (Entered: 04/13/2021) |
|---|---|---|
| 04/23/2021 | 45 | LETTER addressed to Judge Gregory H. Woods from Kimberly C.Lau dated April 23, 2021 re: Adjournment of Initial Conference. Document filed by John Doe..(Lau, Kimberly) (Entered: 04/23/2021) |
| 04/26/2021 | 46 | ORDER. Plaintiff's April 23, 2021 request to adjourn the initial pretrial conference, Dkt. No. 45, is granted. The initial pretrial conference scheduled for May 21, 2021 is adjourned to June 11, 2021 at 4 p.m. The joint status letter and proposed case management plan described in the Court's April 13, 2021 order are due no later than June 4, 2021. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (wv) (Entered: 04/26/2021) |
| 04/28/2021 | 47 | ANSWER to 27 Amended Complaint with JURY DEMAND. Document filed by New York University..(Metzler, Jeffrey) (Entered: 04/28/2021) |
| 06/04/2021 | 48 | JOINT LETTER addressed to Judge Gregory H. Woods from James E. Figliozzi and Jeffrey P. Metzler dated June 4, 2021 re: Initial Pretrial Conference. Document filed by John Doe..(Figliozzi, James) (Entered: 06/04/2021) |
| 06/11/2021 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 6/11/2021. (Court Reporter present) (wv) (Entered: 06/14/2021) |
| 06/16/2021 | 49 | NOTICE OF APPEARANCE by Melissa Pettit on behalf of New York University..(Pettit, Melissa) (Entered: 06/16/2021) |
| 08/30/2021 | 50 | CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER: All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). Fact Discovery due by 12/31/2021. Deposition due by 11/30/2021. Expert Discovery due by 2/15/2022. Motions for summary judgment, if any, shall be filed no later than by 3/17/2022. The parties expect that this case is to be tried to a jury. Counsel for the parties have conferred and their present best estimate of the length of trial is 5-7 days. Status Conference set for 3/1/2022 at 03:00 PM before Judge Gregory H. Woods. (Signed by Judge Gregory H. Woods on 8/28/2021) (rro) (Entered: 08/30/2021) |
| 09/08/2021 | 51 | LETTER addressed to Judge Gregory H. Woods from Jeffrey P. Metzler dated September 3, 2021 re: Request that the Court enter the Stipulated Confidentiality Agreement and Protective Order and the Stipulation and Order Governing the Production and Use of Education Records. Document filed by New York University..(Metzler, Jeffrey) (Entered: 09/08/2021) |
| 09/08/2021 | 52 | PROPOSED PROTECTIVE ORDER. Document filed by New York University..(Metzler, Jeffrey) (Entered: 09/08/2021) |
| 09/08/2021 | 53 | PROPOSED STIPULATION AND ORDER. Document filed by New York University.. (Metzler, Jeffrey) (Entered: 09/08/2021) |
| 09/09/2021 | 54 | STIPULATION AND ORDER GOVERNING THE PRODUCTION AND USE OF EDUCATION RECORDS: The parties have advised the Court that pretrial discovery, pretrial motions and, if necessary, trial of this action will involve students' education records (hereinafter referred to as Confidential Student Records) that are subject to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"), and its implementing regulations, 34 C.F.R. §§ 99.1 et seq. The Parties accordingly have jointly requested that the Court enter this Stipulation and Order governing the production and use of Confidential Student Records subject to FERPA in this action.Therefore, upon application of the parties and good cause having been shown, it is herebyORDERED as |

| | | follows: Pursuant to 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. §§ 99.31(a)(9)(i), inresponse to discovery requests or as otherwise necessary for use in this action through andincluding trial, Defendant New York University (hereinafter referred to as "Defendant" orthe "University") or its representatives are permitted to disclose Confidential StudentRecords protected by FERPA. Prior to disclosure of any Confidential Student Records protected by FERPA, theUniversity shall make reasonable effort to provide notification of any request for the disclosure of Confidential Student Records to any student whose records are to be disclosedin advance of disclosure so that the eligible student may seek protective action pursuant to 34C.F.R. §§ 99.31(a)(9)(ii) if they choose to do so and further set forth in this Order. (Signed by Judge Gregory H. Woods on 9/9/2021) (rro) (Entered: 09/09/2021) |
|---|---|---|
| 09/09/2021 | 55 | STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material... (Signed by Judge Gregory H. Woods on 9/9/2021) (rro) (Entered: 09/09/2021) |
| 09/17/2021 | 56 | NOTICE OF APPEARANCE by Max Winograd on behalf of New York University.. (Winograd, Max) (Entered: 09/17/2021) |
| 11/01/2021 | 57 | JOINT LETTER addressed to Judge Gregory H. Woods from Kimberly C. Lau dated November 1, 2021 re: Extension of Discovery Deadlines. Document filed by John Doe.. (Lau, Kimberly) (Entered: 11/01/2021) |
| 11/01/2021 | 58 | PROPOSED CASE MANAGEMENT PLAN. Document filed by John Doe..(Lau, Kimberly) (Entered: 11/01/2021) |
| 11/02/2021 | 59 | ORDER. The parties' request for an extension of time to complete discovery, Dkt. No. 57, is granted. The deadline for the completion of all fact discovery is extended to March 1, 2022. The deadline for the completion of all expert discovery is extended to May 2, 2022. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by March 1, 2022. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by April 1, 2022. The deadline for submission of motions for summary judgment, if any, is extended to June 1, 2022. The status conference scheduled for March 1, 2022 is adjourned to May 18, 2022 at 4:00 p.m. The joint status letter requested in the case management plan and scheduling order entered on August 30, 2021, Dkt. No. 50, is due no later than May 11, 2022. Except as expressly modified by this order, the case management plan entered by the Court on August 30, 2021, Dkt. No. 50, remains in full force and effect. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (wv) (Entered: 11/02/2021) |
| 01/27/2022 | 60 | LETTER MOTION for Extension of Time *to conduct the potential depositions of three third parties until after the exchange of expert reports* addressed to Judge Gregory H. Woods from Jeffrey P. Metzler dated January 27, 2022. Document filed by New York University..(Metzler, Jeffrey) (Entered: 01/27/2022) |
| 01/28/2022 | 61 | ORDER granting 60 . Defendant's request to adjourn the potential depositions of three third parties until after the exchange of expert reports, Dkt. No. 60, is granted. Defendant is permitted to depose Plaintiff's doctors during the expert phase of discovery in the event that information from those fact witnesses is relied on by Plaintiff's experts. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (wv) (Entered: 01/28/2022) |
| 02/22/2022 | 62 | LETTER addressed to Judge Gregory H. Woods from Kimberly C. Lau, Esq. dated February 22, 2022 re: Limited Extension of Fact Discovery. Document filed by John Doe..(Lau, Kimberly) (Entered: 02/22/2022) |

| | | |
|---|---|---|
| 02/22/2022 | 63 | MEMO ENDORSEMENT on re: 62 Letter filed by John Doe. ENDORSEMENT: Plaintiff's application for an extension of time till March 15, 2022 to dispose Ms. Lattimore and Mr. Bledsoe is granted. Except as expressly modified by this order, the case management plan entered by the Court on August 30, 2021, Dkt. No. 50, remains in full force and effect. So Ordered (Fact Discovery due by 3/15/2022.) (Signed by Judge Gregory H. Woods on 2/22/2022) (js) (Entered: 02/23/2022) |
| 03/04/2022 | 64 | JOINT LETTER addressed to Judge Gregory H. Woods from Kimberly C. Lau, Esq. and Jeffrey P. Metzler, Esq. dated March 4, 2022 re: Discovery Conference Request. Document filed by John Doe. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C). (Lau, Kimberly) (Entered: 03/04/2022) |
| 03/07/2022 | 65 | ORDER. Defendant's request for a pre-motion conference, Dkt. No. 64, is granted. The Court will hold a teleconference regarding the parties' discovery dispute on March 15, 2022 at 10:00 a.m. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (wv) (Entered: 03/07/2022) |
| 03/15/2022 | 66 | ORDER. The Court will hold a teleconference regarding the parties' discovery dispute on March 17, 2022 at 1:00 p.m. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's Emergency Rules. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (wv) (Entered: 03/15/2022) |
| 03/15/2022 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 3/15/2022. (Court Reporter present) (wv) (Entered: 03/16/2022) |
| 03/17/2022 | 67 | ORDER. For the reasons stated on the record at the conference held on March 17, 2022, Plaintiffs request to reopen discovery, Dkt. No. 64, is denied. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (wv) (Entered: 03/17/2022) |
| 03/21/2022 | 68 | LETTER MOTION for Extension of Time *re: the deadline for NYU's emotional damages expert rebuttal report* addressed to Judge Gregory H. Woods from Jeffrey P. Metzler dated March 21, 2022. Document filed by New York University..(Metzler, Jeffrey) (Entered: 03/21/2022) |
| 03/21/2022 | 69 | ORDER granting 68 Letter Motion for Extension of Time. Application granted. The deadline for NYUs emotional damages expert rebuttal report is extended to April 8, 2022. Except as expressly modified by this order, the case management plan entered by the Court on August 30, 2021, Dkt. No. 50, remains in full force and effect. (Signed by Judge Gregory H. Woods on 3/21/2022) (rro) (Entered: 03/21/2022) |
| 03/29/2022 | 70 | TRANSCRIPT of Proceedings re: CONFERENCE held on 3/15/2022 before Judge Gregory H. Woods. Court Reporter/Transcriber: Sadie Herbert, (212) 805-0310. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/19/2022. Redacted Transcript Deadline set for 4/29/2022. Release of Transcript Restriction set for 6/27/2022..(Moya, Goretti) (Entered: 03/29/2022) |
| 03/29/2022 | 71 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 3/15/22 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this |

| | | transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 03/29/2022) |
| --- | --- | --- |
| 04/07/2022 | 72 | TRANSCRIPT of Proceedings re: CONFERENCE held on 3/17/2022 before Judge Gregory H. Woods. Court Reporter/Transcriber: Sadie Herbert, (212) 805-0310. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/28/2022. Redacted Transcript Deadline set for 5/9/2022. Release of Transcript Restriction set for 7/6/2022.. (Moya, Goretti) (Entered: 04/07/2022) |
| 04/07/2022 | 73 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERENCE proceeding held on 3/17/22 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(Moya, Goretti) (Entered: 04/07/2022) |
| 04/21/2022 | 74 | LETTER MOTION to Adjourn Conference */ to adjourn status conference currently scheduled for May 18, 2022* addressed to Judge Gregory H. Woods from Jeffrey P. Metzler dated April 21, 2022. Document filed by New York University..(Metzler, Jeffrey) (Entered: 04/21/2022) |
| 04/21/2022 | 75 | ORDER: granting in part and denying in part 74 Letter Motion to Adjourn Conference. Application granted in part and denied in part. The status conference scheduled for May 18, 2022 is adjourned to May 23, 2022 at 3:00 p.m. The joint status letter requested in the case management plan and scheduling order entered on August 30, 2021, Dkt. No. 50, is due no later than May 16, 2022. Except as expressly modified by this order, the case management plan entered by the Court on August 30, 2021, Dkt. No. 50, remains in full force and effect. NYU has not filed a pre-motion conference letter, as required by the case management plan and the Court will not act on a hypothetical request. Any request for a pre-motion conference must comply with he Court's Individual Rule 2(C) and must be filed in accordance with the terms of the case management plan. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 74. SO ORDERED. Status Conference set for 5/23/2022 at 03:00 PM before Judge Gregory H. Woods. (Signed by Judge Gregory H. Woods on 4/21/2022) (ama) (Entered: 04/21/2022) |
| 05/09/2022 | 76 | LETTER MOTION for Conference */request for pre-motion conference* addressed to Judge Gregory H. Woods from Jeffrey P. Metzler dated May 9, 2022. Document filed by New York University..(Metzler, Jeffrey) (Entered: 05/09/2022) |
| 05/09/2022 | 77 | ORDER granting 76 . Defendant's request for a pre-motion conference, Dkt. No. 76, is granted. The Court will hold a pre-motion conference to discuss Defendant's proposed motion for summary judgment and motion to exclude during the status conference scheduled to take place on May 23, 2022 at 3:00 p.m. (HEREBY ORDERED by Judge Gregory H. Woods)(Text Only Order) (wv) (Entered: 05/09/2022) |
| 05/16/2022 | 78 | JOINT LETTER addressed to Judge Gregory H. Woods from Jeffrey P. Metzler dated May 16, 2022 re: Status of matter. Document filed by New York University..(Metzler, Jeffrey) (Entered: 05/16/2022) |
| 05/16/2022 | 79 | LETTER addressed to Judge Gregory H. Woods from Kimberly C. Lau, Esq. dated May 16, 2022 re: opposition to Defendant New York Universitys request for a pre-motion conference. Document filed by John Doe..(Lau, Kimberly) (Entered: 05/16/2022) |

| 05/18/2022 | 80 | LETTER addressed to Judge Gregory H. Woods from Kimberly C. Lau, Esq. dated May 18, 2022 re: Court Appearance Scheduled for May 23, 2022. Document filed by John Doe..(Lau, Kimberly) (Entered: 05/18/2022) |
|---|---|---|
| 05/18/2022 | 81 | MEMO ENDORSEMENT: on re: 80 Letter filed by John Doe. ENDORSEMENT: The conference scheduled for May 23, 2022 at 3:00 p.m. will take place in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York, 10007. SO ORDERED., ( Status Conference set for 5/23/2022 at 03:00 PM in Courtroom 12C, 500 Pearl Street, New York, NY 10007 before Judge Gregory H. Woods.) (Signed by Judge Gregory H. Woods on 5/18/2022) (ama) (Entered: 05/18/2022) |
| 05/23/2022 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 5/23/2022. (Court Reporter present) (wv) (Entered: 05/24/2022) |
| 05/24/2022 | 82 | ORDER. For the reasons stated on the record at the conference held on May 23, 2022, Defendant's request for leave to file a motion for summary judgment, is granted. The deadline for Defendant to file and serve its motion for summary judgment is June 22, 2022. Plaintiff's opposition is due within thirty-five days after service of Defendant's motion; Defendant's reply, if any, is due within fourteen days after service of Plaintiff's opposition. In addition, the Court defers briefing on the parties' anticipated Daubert motions pending briefing and resolution of Defendant's anticipated motion for summary judgment. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (wv) (Entered: 05/24/2022) |
| 06/17/2022 | 83 | TRANSCRIPT of Proceedings re: CONFERENCE held on 5/23/2022 before Judge Gregory H. Woods. Court Reporter/Transcriber: Khristine Sellin, (212) 805-0300. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/8/2022. Redacted Transcript Deadline set for 7/18/2022. Release of Transcript Restriction set for 9/15/2022..(McGuirk, Kelly) (Entered: 06/17/2022) |
| 06/17/2022 | 84 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT Notice is hereby given that an official transcript of a CONFERNECE proceeding held on 5/23/2022 has been filed by the court reporter/transcriber in the above-captioned matter. The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript may be made remotely electronically available to the public without redaction after 90 calendar days....(McGuirk, Kelly) (Entered: 06/17/2022) |
| 06/22/2022 | 85 | MOTION for Summary Judgment / *NOTICE OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT*. Document filed by New York University..(Metzler, Jeffrey) (Entered: 06/22/2022) |
| 06/22/2022 | 86 | RULE 56.1 STATEMENT. Document filed by New York University..(Metzler, Jeffrey) (Entered: 06/22/2022) |
| 06/22/2022 | 87 | MEMORANDUM OF LAW in Support re: 85 MOTION for Summary Judgment / *NOTICE OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT*. . Document filed by New York University..(Metzler, Jeffrey) (Entered: 06/22/2022) |
| 06/22/2022 | 88 | DECLARATION of Jeffrey P. Metzler in Support re: 85 MOTION for Summary Judgment / *NOTICE OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT*.. Document filed by New York University. (Attachments: # 1 Exhibit 1 Part A, # 2 Exhibit 1 Part B, # 3 Exhibit 1 Part C, # 4 Exhibit 1 Part D, # 5 Exhibit 1 Part E, # 6 Exhibit 1 Part F, # 7 Exhibit 1 Part G, # 8 Exhibit 1Part H, # 9 Exhibit 2, # 10 Exhibit 3, # 11 |

| | | |
|---|---|---|
| | | Exhibit 4, # 12 Exhibit 5, # 13 Exhibit 6, # 14 Exhibit 7, # 15 Exhibit 8, # 16 Exhibit 9, # 17 Exhibit 10, # 18 Exhibit 11, # 19 Exhibit 12, # 20 Exhibit 13, # 21 Exhibit 14, # 22 Exhibit 15, # 23 Exhibit 16, # 24 Exhibit 17, # 25 Exhibit 18, # 26 Exhibit 19, # 27 Exhibit 20, # 28 Exhibit 21, # 29 Exhibit 22, # 30 Exhibit 23, # 31 Exhibit 24, # 32 Exhibit 25, # 33 Exhibit 26, # 34 Exhibit 27, # 35 Exhibit 28, # 36 Exhibit 29, # 37 Exhibit 30, # 38 Exhibit 31, # 39 Exhibit 32, # 40 Exhibit 33, # 41 Exhibit 34, # 42 Exhibit 35, # 43 Exhibit 36, # 44 Exhibit 37, # 45 Exhibit 38, # 46 Exhibit 39, # 47 Exhibit 40, # 48 Exhibit 41, # 49 Exhibit 42, # 50 Exhibit 43, # 51 Exhibit 44, # 52 Exhibit 45, # 53 Exhibit 46, # 54 Exhibit 47, # 55 Exhibit 48, # 56 Exhibit 49, # 57 Exhibit 50, # 58 Exhibit 51, # 59 Exhibit 52, # 60 Exhibit 53, # 61 Exhibit 54, # 62 Exhibit 55, # 63 Exhibit 56, # 64 Exhibit 57, # 65 Exhibit 58, # 66 Exhibit 59, # 67 Exhibit 60, # 68 Exhibit 61, # 69 Exhibit 62, # 70 Exhibit 63, # 71 Exhibit 64, # 72 Exhibit 65, # 73 Exhibit 66, # 74 Exhibit 67, # 75 Exhibit 68, # 76 Exhibit 69, # 77 Exhibit 70, # 78 Exhibit 71, # 79 Exhibit 72, # 80 Exhibit 73, # 81 Exhibit 74, # 82 Exhibit 75, # 83 Exhibit 76, # 84 Exhibit 77, # 85 Exhibit 78, # 86 Exhibit 79, # 87 Exhibit 80, # 88 Exhibit 81, # 89 Exhibit 82, # 90 Exhibit 83, # 91 Exhibit 84).(Metzler, Jeffrey) (Entered: 06/22/2022) |
| 06/23/2022 | 89 | LETTER addressed to Judge Gregory H. Woods from Jeffrey Metzler dated June 23, 2022 re: ECF Filing Error. Document filed by New York University..(Metzler, Jeffrey) (Entered: 06/23/2022) |
| 06/23/2022 | 90 | LETTER MOTION to Seal *Leave to File Redacted and Sealed Exhibits on Motion for Summary Judgment* addressed to Judge Gregory H. Woods from Jeffrey Metzler dated June 22, 2022. Document filed by New York University. (Attachments: # 1 Exhibit 1 A, # 2 Exhibit 1 B, # 3 Exhibit 1 C, # 4 Exhibit 1 D, # 5 Exhibit 1 E, # 6 Exhibit 1 F, # 7 Exhibit 1 G, # 8 Exhibit 1 H, # 9 Exhibit 2, # 10 Exhibit 4, # 11 Exhibit 5, # 12 Exhibit 7, # 13 Exhibit 10, # 14 Exhibit 11, # 15 Exhibit 12, # 16 Exhibit 13, # 17 Exhibit 14, # 18 Exhibit 15, # 19 Exhibit 16, # 20 Exhibit 17, # 21 Exhibit 18, # 22 Exhibit 19, # 23 Exhibit 20, # 24 Exhibit 21, # 25 Exhibit 23, # 26 Exhibit 24, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44, # 46 Exhibit 45, # 47 Exhibit 46, # 48 Exhibit 47, # 49 Exhibit 48, # 50 Exhibit 49, # 51 Exhibit 50, # 52 Exhibit 51, # 53 Exhibit 52, # 54 Exhibit 53, # 55 Exhibit 54, # 56 Exhibit 55, # 57 Exhibit 56, # 58 Exhibit 57, # 59 Exhibit 58, # 60 Exhibit 59, # 61 Exhibit 60, # 62 Exhibit 61, # 63 Exhibit 62, # 64 Exhibit 63, # 65 Exhibit 64, # 66 Exhibit 65, # 67 Exhibit 66, # 68 Exhibit 68, # 69 Exhibit 69, # 70 Exhibit 71, # 71 Exhibit 72, # 72 Exhibit 73, # 73 Exhibit 74, # 74 Exhibit 75, # 75 Exhibit 76, # 76 Exhibit 77, # 77 Exhibit 78, # 78 Exhibit 79, # 79 Exhibit 80, # 80 Exhibit 81, # 81 Exhibit 82, # 82 Exhibit 83, # 83 Exhibit 84).(Metzler, Jeffrey) (Entered: 06/23/2022) |
| 06/23/2022 | 91 | ***SELECTED PARTIES***REDACTION *EXHIBITS 1, 2, 4, 5, 7, 10-21, 23, 24, 26-69, 71-84 - FILED UNDER SEAL* by New York University, John Doe (Attachments: # 1 Exhibit 1 B, # 2 Exhibit 1 C, # 3 Exhibit 1 D, # 4 Exhibit 1 E, # 5 Exhibit 1 F, # 6 Exhibit 1 G, # 7 Exhibit 1 H, # 8 Exhibit 2, # 9 Exhibit 4, # 10 Exhibit 5, # 11 Exhibit 7, # 12 Exhibit 10, # 13 Exhibit 11, # 14 Exhibit 12, # 15 Exhibit 13, # 16 Exhibit 14, # 17 Exhibit 15, # 18 Exhibit 16, # 19 Exhibit 17, # 20 Exhibit 18, # 21 Exhibit 19, # 22 Exhibit 20, # 23 Exhibit 21, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 |

|  |  |  |
|---|---|---|
| | | Exhibit 52, # [53](#) Exhibit 53, # [54](#) Exhibit 54, # [55](#) Exhibit 55, # [56](#) Exhibit 56, # [57](#) Exhibit 57, # [58](#) Exhibit 58, # [59](#) Exhibit 59, # [60](#) Exhibit 60, # [61](#) Exhibit 61, # [62](#) Exhibit 62, # [63](#) Exhibit 63, # [64](#) Exhibit 64, # [65](#) Exhibit 65, # [66](#) Exhibit 66, # [67](#) Exhibit 67, # [68](#) Exhibit 68, # [69](#) Exhibit 69, # [70](#) Exhibit 71, # [71](#) Exhibit 72, # [72](#) Exhibit 73, # [73](#) Exhibit 74, # [74](#) Exhibit 75, # [75](#) Exhibit 76, # [76](#) Exhibit 77, # [77](#) Exhibit 78, # [78](#) Exhibit 79, # [79](#) Exhibit 80, # [80](#) Exhibit 81, # [81](#) Exhibit 82, # [82](#) Exhibit 83, # [83](#) Exhibit 84)Motion or Order to File Under Seal: [90](#) .(Metzler, Jeffrey) (Entered: 06/23/2022) |
| 06/28/2022 | [92](#) | LETTER MOTION for Leave to File Corrected Exhibits addressed to Judge Gregory H. Woods from Jeffrey Metzler dated June 28, 2022. Document filed by New York University..(Metzler, Jeffrey) (Entered: 06/28/2022) |
| 06/28/2022 | [93](#) | DECLARATION of Jeffrey P. Metzler re: [88](#) Declaration in Support of Motion,,,,,,,, . Document filed by New York University. (Attachments: # [1](#) Exhibit 12, # [2](#) Exhibit 14, # [3](#) Exhibit 17, # [4](#) Exhibit 44, # [5](#) Exhibit 46, # [6](#) Exhibit 59, # [7](#) Exhibit 66, # [8](#) Exhibit 75).(Metzler, Jeffrey) (Entered: 06/28/2022) |
| 07/07/2022 | [94](#) | LETTER MOTION for Leave to File Corrected Documents addressed to Judge Gregory H. Woods from Jeffrey Metzler dated July 7, 2022. Document filed by New York University. (Attachments: # [1](#) Exhibit CORRECTED Summary Judgment 56.1 Statement, # [2](#) Exhibit 001 - Part D - CORRECTED, # [3](#) Exhibit 011 - CORRECTED, # [4](#) Exhibit 013 - CORRECTED, # [5](#) Exhibit 021 - CORRECTED, # [6](#) Exhibit 026 - CORRECTED, # [7](#) Exhibit 033 - CORRECTED).(Metzler, Jeffrey) (Entered: 07/07/2022) |
| 07/08/2022 | [95](#) | MEMO ENDORSEMENT on [94](#) granting in part and denying in part [92](#) Letter Motion for Leave to File Document; granting in part and denying in part [94](#) Letter Motion for Leave to File Document. ENDORSEMENT: Application granted in part and denied in part. The Court will change the viewing level for the errantly filed documents, but will not replace documents previously filed on the docket with new versions of the documents. The Clerk of Court is directed to restrict the viewing level to Dkt. Nos. 88, 88-4, 88-18, 88-19, 88-20, 88-21, 88-24, 88-28, 88-33, 88-40, 88-53, 88-66, 88-73, and 88-82 to the Court and parties only, and to terminate the motions pending at Dkt. Nos. 92 and 94. (Signed by Judge Gregory H. Woods on 7/8/2022) (rro) (Entered: 07/08/2022) |
| 07/27/2022 | [96](#) | RULE 56.1 STATEMENT. Document filed by John Doe..(Lau, Kimberly) (Entered: 07/27/2022) |
| 07/27/2022 | [97](#) | LETTER MOTION to Seal addressed to Judge Gregory H. Woods from Kimberly C. Lau, Esq. dated July 27, 2022. Document filed by John Doe..(Lau, Kimberly) (Entered: 07/27/2022) |
| 07/27/2022 | [98](#) | DECLARATION of Kimberly C. Lau in Opposition re: [85](#) MOTION for Summary Judgment *NOTICE OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT.*. Document filed by John Doe. (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5, # [6](#) Exhibit 6, # [7](#) Exhibit 7, # [8](#) Exhibit 8, # [9](#) Exhibit 9, # [10](#) Exhibit 10, # [11](#) Exhibit 11, # [12](#) Exhibit 12, # [13](#) Exhibit 13, # [14](#) Exhibit 14, # [15](#) Exhibit 15, # [16](#) Exhibit 16 Part A, # [17](#) Exhibit 16 Part B, # [18](#) Exhibit 16 Part C, # [19](#) Exhibit 16 Part D, # [20](#) Exhibit 17, # [21](#) Exhibit 18, # [22](#) Exhibit 19).(Lau, Kimberly) (Entered: 07/27/2022) |
| 07/27/2022 | [99](#) | MEMORANDUM OF LAW in Opposition re: [85](#) MOTION for Summary Judgment *NOTICE OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT*. . Document filed by John Doe..(Lau, Kimberly) (Entered: 07/27/2022) |
| 07/27/2022 | [100](#) | ***SELECTED PARTIES***DECLARATION of Kimberly C. Lau, Esq. in Opposition re: [85](#) MOTION for Summary Judgment *NOTICE OF MOTION FOR SUMMARY* |

| | | |
|---|---|---|
| | | *JUDGMENT BY DEFENDANT*.. Document filed by John Doe. (Attachments: # [1] Exhibit 1, # [2] Exhibit 2, # [3] Exhibit 3, # [4] Exhibit 4, # [5] Exhibit 5, # [6] Exhibit 6, # [7] Exhibit 7, # [8] Exhibit 8, # [9] Exhibit 9, # [10] Exhibit 10, # [11] Exhibit 11, # [12] Exhibit 12, # [13] Exhibit 13, # [14] Exhibit 14, # [15] Exhibit 15, # [16] Exhibit 16, # [17] Exhibit 17, # [18] Exhibit 18, # [19] Exhibit 19)Motion or Order to File Under Seal: [97] .(Lau, Kimberly) (Entered: 07/28/2022) |
| 08/02/2022 | [101] | LETTER MOTION for Leave to File Corrected Exhibits 1, 9, 11, 15, and 16 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment addressed to Judge Gregory H. Woods from Kimberly C.Lau dated August 2, 2022. Document filed by John Doe. (Attachments: # [1] Exhibit 1-Corrected, # [2] Exhibit 9-Corrected, # [3] Exhibit 11-Corrected, # [4] Exhibit 15-Corrected, # [5] Exhibit 16-Corrected).(Lau, Kimberly) (Entered: 08/02/2022) |
| 08/02/2022 | [102] | ***SELECTED PARTIES*** LETTER MOTION for Leave to File Corrected Exhibits 1, 9, 11, 15, and 16 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment addressed to Judge Gregory H. Woods from Kimberly C. Lau dated August 2, 2022. Document filed by John Doe, New York University. (Attachments: # [1] Exhibit 1-Corrected, # [2] Exhibit 9-Corrected, # [3] Exhibit 11-Corrected, # [4] Exhibit 15-Corrected, # [5] Exhibit 16-Corrected)Motion or Order to File Under Seal: [101] .(Lau, Kimberly) (Entered: 08/02/2022) |
| 08/03/2022 | [103] | ORDER granting [101] Letter Motion for Leave to File Document; granting [102] Letter Motion for Leave to File Document. Application granted. The Clerk of Court is directed to restrict the viewing level to Dkt. Nos. 98-1, 98-9, 98-11, 98-15, and 98-16 to the Court and parties only, and to terminate the motions pending at Dkt. Nos. 101 and 102.. (Signed by Judge Gregory H. Woods on 8/3/2022) (rro) (Entered: 08/03/2022) |
| 08/08/2022 | [104] | LETTER addressed to Judge Gregory H. Woods from Jeffrey Metzler dated August 8, 2022 re: Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 99). Document filed by New York University. (Attachments: # [1] Exhibit 1 Email, # [2] Exhibit 2 Letter, # [3] Exhibit 3 Letter).(Metzler, Jeffrey) (Entered: 08/08/2022) |
| 08/08/2022 | [105] | LETTER MOTION for Leave to File Corrected Exhibits 3, 11, and 16 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment addressed to Judge Gregory H. Woods from Kimberly C. Lau dated August 8, 2022. Document filed by John Doe. (Attachments: # [1] Exhibit 3, # [2] Exhibit 11, # [3] Exhibit 16).(Lau, Kimberly) (Entered: 08/08/2022) |
| 08/08/2022 | [106] | ***SELECTED PARTIES*** LETTER MOTION for Leave to File Corrected Exhibits 3, 11, and 16 to Plaintiff's Opposition to Defendant's Motion for Summary Judgment addressed to Judge Gregory H. Woods from Kimberly C. Lau dated August 8, 2022. Document filed by John Doe, New York University. (Attachments: # [1] Exhibit 3, # [2] Exhibit 11, # [3] Exhibit 16)Motion or Order to File Under Seal: [105] .(Lau, Kimberly) (Entered: 08/08/2022) |
| 08/08/2022 | [107] | LETTER addressed to Judge Gregory H. Woods from Kimberly C. Lau dated August 8, 2022 re: Response to Defendant's August 8, 2022 Letter. Document filed by John Doe.. (Lau, Kimberly) (Entered: 08/08/2022) |
| 08/09/2022 | 108 | ORDER. The Court will hold a teleconference with respect to this matter by telephone on August 10, 2022 at 4:00 p.m. to discuss the parties' August 8, 2022 letters regarding line spacing. The parties are directed to the Court's Emergency Rules in Light of COVID-19, which are available on the Court's website, for the dial-in number and other relevant instructions. The parties are specifically directed to comply with Rule 2(C) of the Court's |

| | | |
|---|---|---|
| | | Emergency Rules. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (wv) (Entered: 08/09/2022) |
| 08/10/2022 | 109 | ORDER granting 105 Letter Motion for Leave to File Document; granting 106 Letter Motion for Leave to File Document. Application granted. The Clerk of Court is directed to restrict the viewing level to Dkt. Nos. 98-3, 98-17, 98-18, 98-19, and 101-3 to the Court and parties only, and to terminate the motions pending at Dkt. Nos. 105 and 106. SO ORDERED. (Signed by Judge Gregory H. Woods on 8/10/2022) (tg) (Entered: 08/10/2022) |
| 08/10/2022 | | Minute Entry for proceedings held before Judge Gregory H. Woods: Telephone Conference held on 8/10/2022. (Court Reporter present) (wv) (Entered: 08/10/2022) |
| 08/11/2022 | 110 | ORDER. As stated on the record at the conference held on August 10, 2022, the page limit for Defendant's reply brief is extended by three pages and the deadline for Defendant's reply is extended to August 11, 2022. The parties are directed to use Microsoft Word's default double spacing for all future submissions that are required to be double spaced. (HEREBY ORDERED by Judge Gregory H. Woods) (Text Only Order) (wv) (Entered: 08/11/2022) |
| 08/11/2022 | 111 | RESPONSE re: 96 Rule 56.1 Statement *Defendant New York University's Rule 56.1 Statement in Further Support of its Motion of Partial Summary Judgment*. Document filed by New York University..(Metzler, Jeffrey) (Entered: 08/11/2022) |
| 08/11/2022 | 112 | REPLY MEMORANDUM OF LAW in Support re: 85 MOTION for Summary Judgment / *NOTICE OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT*. . Document filed by New York University..(Metzler, Jeffrey) (Entered: 08/11/2022) |
| 08/11/2022 | 113 | DECLARATION of Jeffrey P. Metzler in Support re: 85 MOTION for Summary Judgment / *NOTICE OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT*.. Document filed by New York University. (Attachments: # 1 Exhibit 85).(Metzler, Jeffrey) (Entered: 08/11/2022) |
| 01/13/2023 | 114 | MOTION for Melissa S. Pettit to Withdraw as Attorney *NOTICE OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL*. Document filed by New York University..(Pettit, Melissa) (Entered: 01/13/2023) |
| 01/13/2023 | 115 | DECLARATION of Melissa S. Pettit in Support re: 114 MOTION for Melissa S. Pettit to Withdraw as Attorney *NOTICE OF MOTION FOR LEAVE TO WITHDRAW AS COUNSEL*.. Document filed by New York University..(Pettit, Melissa) (Entered: 01/13/2023) |
| 01/14/2023 | 116 | MEMO ENDORSEMENT granting 114 Motion to Withdraw as Attorney. ENDORSEMENT: Application granted. Attorney Melissa S. Pettit is granted leave to withdraw as counsel for Defendant. The Clerk of Court is instructed to terminated Attorney Pettit from the list of active counsel in this case and to terminate the motion pending at Dkt. No. 114. Attorney Melissa Pettit terminated. (Signed by Judge Gregory H. Woods on 1/14/2023) (tro) (Entered: 01/17/2023) |
| 01/25/2023 | 117 | LETTER addressed to Judge Gregory H. Woods from Kimberly C. Lau dated January 25, 2023 re: Letter Requesting Protection From Court Appearances. Document filed by John Doe..(Lau, Kimberly) (Entered: 01/25/2023) |
| 01/25/2023 | 118 | MEMO ENDORSEMENT on re: 117 Letter Requesting Protection From Court Appearances filed by John Doe. ENDORSEMENT: Application denied. The Court declines to commit that it will not schedule a conference in this case during the time period described here for several reasons. First, emergent issues may require prompt attention by the parties. Second, given the dates provided by counsel, there does not |

| | | |
|---|---|---|
| | | appear to be any overlap between the times when counsel will be on maternity leave and the times when her colleague will be on vacation; accordingly, the Court understands that at all times, Plaintiff will have counsel available to represent him should the Court need to schedule a conference in this matter. Third, many of the Court's conferences are, or can be, conducted by telephone rather than in person. Fourth, counsel is at liberty to request a targeted adjournment of any conference that may be scheduled. As a result, the Court declines to commit to holding no conferences in this matter during the time period requested by counsel. SO ORDERED. (Signed by Judge Gregory H. Woods on 1/25/23) (yv) (Entered: 01/26/2023) |
| 02/16/2023 | 119 | ORDER: On the docket of this case, Plaintiff's Exhibit 4 is listed as having been "filed in native format." Dkt. No. 98-4; Dkt. No. 100-4. Unfortunately, the Court has been unable to locate this filing. Accordingly, Plaintiff is hereby ordered to send the Plaintiff's Exhibit 4, in native format, to the Court's email at WoodsNYSDChambers@nysd.uscourts.gov. If there were any differences in redactions between what was filed at Dkt. No. 98-4 and what was filed at Dkt. No. 100-4, Plaintiff should email both documents to the Court and indicate which document was tied to which docket entry. If the document was the same at both entries, Plaintiff should indicate that fact. Plaintiff should copy counsel for Defendant on this email. Plaintiff is ordered to send this/these document(s) no later than February 17, 2023. SO ORDERED. (Signed by Judge Gregory H. Woods on 2/16/2023) (va) (Entered: 02/17/2023) |
| 03/08/2023 | | NOTICE OF CASE REASSIGNMENT to Judge John P. Cronan. Judge Gregory H. Woods is no longer assigned to the case. (aea) (Entered: 03/08/2023) |
| 03/08/2023 | | NOTICE OF CASE REASSIGNMENT to Judge Mary Kay Vyskocil. Judge John P. Cronan is no longer assigned to the case. (vba) (Entered: 03/08/2023) |
| 03/22/2023 | 120 | ORDER granting 90 Letter Motion to Seal; granting 97 Letter Motion to Seal. For the reasons explained below, both motions are GRANTED. As further set forth by this Order. The Clerk of Court respectfully is requested to close the Motions at ECF Nos. 90 and 97. SO ORDERED. (Signed by Judge Mary Kay Vyskocil on 3/22/2023) (tg) (Entered: 03/23/2023) |
| 08/17/2023 | 121 | OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT re: 85 MOTION for Summary Judgment / *NOTICE OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT.* filed by New York University. For the reasons stated above, Defendant's motion for summary judgment is GRANTED in its entirety. The Clerk of Court respectfully is requested to terminate the motion pending at ECF No. 85, enter judgment for NYU, and close the case. (And as further set forth herein.) SO ORDERED. (Signed by Judge Mary Kay Vyskocil on 8/17/2023) (jca) Transmission to Orders and Judgments Clerk for processing. (Entered: 08/17/2023) |
| 08/18/2023 | 122 | CLERK'S JUDGMENT re: 121 Opinion & Order. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated August 17, 2023, Defendant's motion for summary judgment is GRANTED in its entirety; accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 8/18/2023) (Attachments: # 1 Notice of right to appeal) (nd) (Entered: 08/18/2023) |
| 09/08/2023 | 123 | NOTICE OF APPEARANCE by Norman Alexander Pattis on behalf of John Doe..(Pattis, Norman) (Entered: 09/08/2023) |
| 09/08/2023 | 124 | FIRST NOTICE OF APPEAL from 122 Clerk's Judgment,. Document filed by John Doe. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit.. (Pattis, Norman) Modified on 9/8/2023 (km). (Entered: 09/08/2023) |

| 09/08/2023 | | Appeal Fee Due: for [124](#) Notice of Appeal. Appeal fee due by 9/22/2023.(km) (Entered: 09/08/2023) |
| 09/08/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: [124](#) Notice of Appeal.(km) (Entered: 09/08/2023) |
| 09/08/2023 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for [124](#) Notice of Appeal filed by John Doe were transmitted to the U.S. Court of Appeals.(km) (Entered: 09/08/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/18/2023 15:16:01 | | |
| **PACER Login:** | normpattis | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:20-cv-01343-MKV |
| **Billable Pages:** | 17 | **Cost:** | 1.70 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JOHN DOE,                  :
                               :

              Plaintiff,  :

                               :

         -v-           :

                               :

NEW YORK UNIVERSITY,      :

                               :

             Defendant.  :

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/17/2023

1:20-cv-1343-MKV

**OPINION AND ORDER
GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT**

MARY KAY VYSKOCIL, United States District Judge:

        Plaintiff John Doe brought this action against New York University ("NYU"), alleging that

NYU discriminated against him based on his gender when, after an investigation, hearing, and

appeal precipitated by a complaint by a female student, NYU expelled Plaintiff for sexual

misconduct and stalking. Plaintiff asserts discrimination claims for the alleged violation of both

federal and state law, and also sues for promissory estoppel based on the alleged promise by his

NYU-appointed advisor that he would not be expelled, which Plaintiff claims to have relied upon

in deciding how vigorously (or not) to defend himself against the charges. Presently before the

Court is NYU's motion for summary judgment on all claims.[1] For the reasons discussed below,

that motion is granted.

---

[1] In support of its Motion for Summary Judgment, NYU filed a Memorandum of Law [ECF No. 87] ("Def. Br."), a Declaration of Jeffrey P. Metzler [ECF No. 88] ("Metzler Decl."), and a Rule 56.1 Statement [ECF No. 86] ("Def. Facts"). In opposition, Plaintiff filed a Memorandum of Law [ECF No. 99] ("Opp."), a Rule 56.1 Counterstatement [ECF No. 96] ("Pl. Facts"), and a Declaration of Kimberly C. Lau [ECF No. 98] ("Lau Decl."). In reply, NYU filed a Memorandum of Law [ECF No. 112] ("Reply"), a Declaration of Jeffrey P. Metzler [ECF No. 113] ("Metzler Decl. II"), and a Response to Plaintiff's 56.1 Counterstatement [ECF No. 111] ("Def. Facts Reply").

## BACKGROUND[2]

Plaintiff John Doe was an NYU student who had a long and sordid relationship (if it could be called that) with another NYU student, referred to as Jane Roe.[3] The details of this relationship are discussed at length in the materials submitted by the parties in connection with the pending motion, but they need not be fully recounted in this Opinion. It largely suffices to say that the relationship was toxic and that, as a result, Jane filed a complaint against Plaintiff with NYU's Department of Public Safety on April 21, 2018. Def. Facts ¶ 114; Pl. Facts ¶ 114. The events that followed Jane's complaint are what is most relevant for purposes of the pending motion. However, to give context to the school's decision, a brief summary is helpful.

Plaintiff and Jane met when they were both in high school, and they stayed in close contact during freshmen year at their respective colleges. Def. Facts ¶¶ 35–47; Pl. Facts ¶¶ 35–47. After their freshmen year, Plaintiff transferred schools to join Jane at NYU and specifically requested (without Jane's knowledge) to be housed in her dormitory. Def. Facts ¶¶ 48–52; Pl. Facts ¶¶ 48–52. When Jane decided that she needed some space, and told Plaintiff as much, Plaintiff threatened to harm himself and sent Jane over 100 unanswered messages. Def. Facts ¶¶ 53–58; Pl. Facts ¶¶ 53–58. Plaintiff continued this tactic over time, refusing to leave Jane alone while making threats of self-harm and threatening to give compromising information to Jane's parents and friends as well. Def. Facts ¶¶ 60–61, 77; Pl. Facts ¶¶ 60–61, 77. At some point during their relationship, Plaintiff took photos of Jane without her consent while her shirt was off or partially off, which Plaintiff supposedly used for his own sexual pleasure. Def. Facts ¶ 59; Pl. Facts ¶ 59.

---

[2] The following facts are taken from the parties' Local Civil Rule 56.1 Statements, the affidavits and declarations submitted in connection with the instant motion, and the exhibits attached thereto. The facts are undisputed unless otherwise indicated.

[3] Judge Woods previously granted Plaintiff's motion to proceed pseudonymously because of the strong privacy interests that he and Jane had in the subject matter of this case. [ECF No. 19].

Things got so tense that in a heated argument in a stairwell, Jane punched Plaintiff when he leaned in towards her, which she claimed to have done in self-defense. Def. Facts ¶¶ 99–101; Pl. Facts ¶¶ 99–101.

The list of inappropriate and unusual behavior by no means stopped there. However, for the sake of brevity, there is one final act (or series of acts) worth noting. The day that Jane initially reported Plaintiff's misconduct, NYU issued a no-contact directive to both Plaintiff and Jane. Def. Facts ¶ 117; Pl. Facts ¶ 117. Plaintiff violated that directive within minutes of it being implemented, and violated it repeatedly throughout the course of the investigation into his conduct. Def. Facts ¶¶ 117–23; Pl. Facts ¶¶ 117–23. Jane described this behavior, along with the other alleged misconduct, when she met with the Executive Director of NYU's Office of Equal Opportunity, Mary Signor, and confirmed her desire to file a formal complaint. Def. Facts ¶¶ 30, 126–27; Pl. Facts ¶¶ 30, 126–27.

The same day that Jane confirmed her intent to go forward with a formal complaint, Plaintiff also met with Signor and another faculty member. Def. Facts ¶¶ 126–28; Pl. Facts ¶¶ 126–28. At that time, Plaintiff described his relationship with Jane, including instances in which Jane had allegedly abused him verbally and physically. Def. Facts ¶¶ 33, 126–30; Pl. Facts ¶¶ 33, 126–30. Plaintiff testified that Signor informed him that he could file a cross-complaint against Jane, which would be handled at the end of any proceedings against him, but Plaintiff declined to do so. Def. Facts ¶ 131; Pl. Facts ¶ 131; Def. Reply ¶ 309. Signor also advised Plaintiff that the misconduct alleged by Jane could result in his expulsion. Def. Facts ¶ 132; Pl. Facts ¶ 132.

Thereafter, NYU Investigator Sam Hodge and another investigator interviewed Jane. Def. Facts ¶ 144; Pl. Facts ¶ 144. After speaking with Jane, Hodge emailed Plaintiff to schedule an interview, attaching to that email NYU's Sexual Misconduct, Relationship Violence, and Stalking

3

Policy (the "Misconduct Policy"), which stated, among other things, that activities in violation of the Misconduct Policy can include "disciplinary action, up to and including separation from NYU." Metzler Decl. Ex. 1, Part A at PDF 37; *see also* Def. Facts ¶¶ 1, 27, 148; Pl. Facts ¶¶ 1, 27, 148. Hodge then informed Plaintiff that he could select an "advisor of choice" to accompany him to the interview, but also offered to have NYU connect Plaintiff with a "Respondent Facilitator" who could serve as his advisor.[4] Def. Facts ¶¶ 149–150; Pl. Facts ¶¶ 149–150. Plaintiff selected the latter option. Def. Facts ¶ 153; Pl. Facts ¶ 153.

Plaintiff's Respondent Facilitator was Allen McFarlane. Def. Facts ¶ 154; Pl. Facts ¶ 154. Plaintiff testified at his deposition that McFarlane assured him after first hearing the charges that "under no circumstances would [Plaintiff] be expelled" for his alleged misconduct. Pl. Facts ¶ 319; Def. Facts Reply ¶ 319. Shortly after this (supposed) promise was made, Plaintiff and McFarlane met with Hodge and another Investigator for an interview. Def. Facts ¶¶ 31, 157; Pl. Facts ¶¶ 31, 157. During the interview, Plaintiff told the investigators, among other things, that Jane had physically and verbally abused him. Pl. Facts ¶ 304; Def. Reply Facts ¶ 304. At the end of the interview, Hodge informed Plaintiff of his right to file a cross-complaint, but Plaintiff (again) elected not to do so. Pl. Facts ¶¶ 161–62; Def. Reply Facts ¶ 161.

After interviewing both parties and several third-party witnesses, and after reviewing the submitted evidence, Hodge sent a draft of the investigative report to Plaintiff and to Jane. Def. Facts ¶¶ 172–75; Pl. Facts ¶¶ 172–75. Plaintiff testified in his deposition that McFarlane, after reviewing the evidence in the draft report, repeated his statement that Plaintiff would not be expelled for the alleged misconduct. Lau Decl., Ex. 3 ("Pl. Dep.") at 136:5–137:8. The investigative report was finalized a few weeks later, after Plaintiff submitted additional responses

---

[4] Hodge's email also included a list of attorney referrals, but Plaintiff opted to not hire a lawyer at that time. Def. Facts ¶ 152; Pl. Facts ¶ 152.

and evidence. Def. Facts ¶¶ 176, 183, 189; Pl. Facts ¶¶ 176, 183, 189. Thereafter, NYU held a hearing on Jane's complaint, which was adjudicated by the Director of the Office of Student Conduct, Craig Jolley. Def. Facts ¶¶ 189, 191, 206–08; Pl. Facts ¶¶ 189, 191, 206–08.

The hearing did not go well for Plaintiff. Jolley ultimately found "overwhelming evidence that the [Plaintiff] has engaged in an extended pattern of conduct that would cause a reasonable person in the position of the Complainant to experience fear for their safety, substantial emotional distress, significant mental suffering, and anguish. This behavior has included sexual harassment, sexual exploitation and stalking as defined under the [Misconduct Policy]."[5] Metzler Decl., Ex. 2 ("Hearing Decision") at 7; *see also* Def. Facts ¶ 235; Pl. Facts ¶ 235. Based on "the totality of circumstances, the threatening and excessive nature of the Respondent's conduct, the repeated and blatant disregard of the University's no-contact directive, and most notably, the unsettling and egregious pattern of stalking behaviors," Jolley sanctioned Plaintiff with expulsion and a transcript notation. Hearing Decision at 7.

Plaintiff hired a lawyer and asked for several extensions of his time to file an appeal, which NYU granted. Def. Facts ¶¶ 244–248; Pl. Facts ¶¶ 244–248. His appeal invoked all three grounds on which such an appeal could be based under the Misconduct Policy. Def. Facts ¶¶ 28, 249–252; Pl. Facts ¶¶ 28, 249–252. Specifically, Plaintiff argued that there were numerous procedural errors (such as the fact that the hearing did not investigate Plaintiff's allegations against Jane), that previously unavailable relevant evidence could affect the outcome (such as *even more* text messages between Plaintiff and Jane), and that the sanction was substantially disproportionate to

---

[5] Jolley also found that there was *not* sufficient evidence to support a finding of sexual assault. Def. Facts ¶ 236; Pl. Facts ¶ 236. Because there was no complaint against Jane, Jolley did not consider it to be his role to adjudicate whether Jane, as opposed to Plaintiff, engaged in any violation of university policy, and so made no findings about whether Jane had done so. Def. Facts ¶ 240; Pl. Facts ¶ 240.

the violation. Def. Facts ¶¶ 249–252; Pl. Facts ¶¶ 249–252.[6] Plaintiff's appeal was considered by

a three-person panel, which reviewed all of the evidence submitted by the parties, including

Plaintiff's "new evidence." Def. Facts ¶¶ 254–255; Pl. Facts ¶¶ 254–255. The panel denied

Plaintiff's appeal on February 26, 2019. Def. Facts ¶¶ 256; Pl. Facts ¶¶ 256; *see* Metzler Decl. Ex.

76 (appeal decision).

Months after his expulsion went into effect, Plaintiff filed a formal complaint against Jane.

Def. Facts ¶ 265; Pl. Facts ¶ 264. While the Misconduct Policy does not expressly prohibit NYU

from accepting complaints from former students, NYU declined to accept Plaintiff's complaint

because, according to Signor, NYU has "never accepted a complaint from an expelled student

against a current student." Metzler Decl. Ex. 5, ("Signor Dep.") at 188:20-189:9; *see also* Def.

Facts ¶ 266; Pl. ¶ 266.

## PROCEDURAL HISTORY

Plaintiff initiated this suit by filing a complaint against NYU, alleging four causes of action:

(1) violation of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681 *et*

*seq.*, through selective enforcement of NYU's disciplinary process against Plaintiff; (2) violation

of Title IX based on the erroneous outcome of NYU's disciplinary proceedings; (3) violation of

the New York City Human Rights Law (the "NYCHRL"), N.Y. Admin Code § 8-107 *et seq.*; and

(4) a common law promissory estoppel claim based on (i) McFarlane's statement that Plaintiff

would not be expelled and (ii) Signor's alleged statement that Plaintiff could file a Title IX

complaint against Jane once her complaint against him was resolved. [ECF No. 1] ("Compl.")

¶¶ 243–318. Each cause of action other than the one for promissory estoppel was rooted in a claim

of gender discrimination. Compl. ¶¶ 243–318. Plaintiff later filed an amended complaint, the

---

[6] Although appeal statements are not supposed to be longer than three pages, NYU accepted the submission by Plaintiff
which greatly exceeded the limit. Def. Facts ¶¶ 28, 255; Pl. Facts ¶¶ 28, 255.

operative complaint in this case, which contained the same causes of action. [ECF No. 27] ("AC"). Judge Woods dismissed at the pleadings stage the promissory estoppel claim that Plaintiff had raised based on comments by Signor, but otherwise allowed Plaintiff's claims (including the promissory estoppel claim based on McFarlane's statement) to proceed. [ECF No. 40].

Pending before the Court is a motion by NYU for summary judgment on all remaining claims. [ECF No. 85]. NYU argues that no reasonable jury could find that NYU's actions were motivated by gender, as necessary to support Plaintiff's Title IX and NYCHRL claims. *See* Def. Br. at 12–25. NYU further argues that Plaintiff's promissory estoppel claim fails because McFarlane's statement was not a promise, Plaintiff's reliance on the statement was unreasonable, and Plaintiff had not been injured by the statement. Plaintiff opposed the motion [ECF No. 99] and NYU replied [ECF No. 112].

After the summary judgment motion was fully briefed, this case was reassigned from Judge Woods to this Court.

## LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court "may not make credibility determinations or weigh the evidence." *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006). The court "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Id.* If there is evidence in the record that supports a reasonable inference in favor of the opposing party, summary judgment is

improper.  *See Brooklyn Ctr. For Indep. of the Disabled v. Metro. Transportation Auth.*, 11 F.4th

55, 64 (2d Cir. 2021).

## DISCUSSION

### I.   TITLE IX CLAIMS

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be

excluded from participation in, be denied the benefits of, or be subjected to discrimination under

any education program or activity receiving Federal financial assistance."  20 U.S.C. § 1681(a).

In the context of university discipline, the Second Circuit has recognized two categories of Title

IX claims: (1) claims of an erroneous outcome from a flawed proceeding, and (2) claims of

selective enforcement.  *See Yusuf v. Vassar Coll.*, 35 F.3d 709, 714–16 (2d Cir. 1994); *see also*

*Scott v. WorldstarHipHop, Inc.*, No. 10-cv-9538, 2011 WL 5082410, at *4 (S.D.N.Y. Oc. 25,

2011).  "In the former case, a party asserts that he or she was innocent and wrongly found to have

committed the offense; in the latter case, a party asserts that, regardless of guilt, the severity of the

penalty was affected by the student's gender."  *Scott*, No. 10-cv-9538, 2011 WL 5082410, at *4.

Plaintiff brings claims of both selective enforcement and an erroneous outcome.

The Court analyzes these Title IX claims using the same *McDonnell Douglas* burden-

shifting framework that generally guides its analysis of discrimination claims brought under Title

VII.  *See Radwan v. Manuel*, 55 F.4th 101, 130 (2d Cir. 2022).  The Plaintiff must first establish a

*prima facie* case by showing that he "is a member of a protected class, [he] was qualified for [his]

position, [he] suffered an adverse action, and the facts imply a discriminatory intent."  *Id*.  If

Plaintiff makes out his *prima facie* case, the burden shifts to the defendant "to proffer a legitimate

non-discriminatory reason for the adverse action, and then finally, the plaintiff may rebut this reason by demonstrating pretext." *Id.*

Here, it is not disputed that Plaintiff has established the first three elements, and as such Plaintiff can make out a *prima facie* case of discrimination if he can show that the facts imply a discriminatory intent. The Second Circuit has explained that "discriminatory intent can be shown by either direct evidence of discriminatory animus or circumstantial evidence of such animus, including by showing disparate treatment among similarly situated" individuals.[7] *Radwan*, 55 F.4th at 132. To establish circumstantial evidence of gender-based discrimination through an analysis of similarly situated persons, Plaintiff must show that NYU treated more favorably a female student who was "similarly situated to the plaintiff in all material respects."[8] *Id.* (quoting *Ruiz v. County of Rockland*, 609 F.3d 486, 494 (2d Cir. 2010)).

Plaintiff begins by comparing himself to Jane. Plaintiff contends that he and Jane are similarly situated because they were both NYU students who reported being in an abusive relationship. Plaintiff claims that, despite these similarities, NYU treated Jane more favorably than it treated him by investigating her claims while his claims were ignored. Plaintiff is mistaken. He and Jane were not similarly situated while they were students at NYU because, although they

---

[7] In *Radwan*, the Second Circuit noted that it has not yet decided whether, for liability to attach, gender bias under Title IX must be a mere "motivating factor in the decision to discipline," or whether the statute instead dictates that liability exists only if an improper disciplinary decision would not have been made "but-for" the gender bias. 55 F.4th at 131–32 (quoting *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994)). The Court need not decide that issue, however, because Plaintiff has not proffered any evidence tending to show that gender bias was either a motivating factor *or* a but-for factor of Defendant's decision to discipline Plaintiff.

[8] The parties seem to assume that a selective enforcement claim cannot succeed unless Plaintiff can demonstrate that NYU treated a similarly situated female student more favorably. *See* Def. Br. at 12; Opp. at 4. This is understandable, given that "courts in this circuit have consistently dismissed selective enforcement claims absent allegations that a school treated similarly situated members of the opposite sex—that is, members of the opposite sex facing comparable disciplinary charges—differently." *Doe v. New York Univ.*, 438 F. Supp. 3d 172, 182 (S.D.N.Y. 2020) (internal quotation marks omitted). However, the Second Circuit's recent decision in *Radwan* (which was decided after briefing in this case had completed) makes clear that disparate treatment of similarly situated members of the opposite sex is one way, but not the only way, to demonstrate discriminatory intent. *See* 55 F.4th at 132.

9

both complained (in the colloquial sense) of abuse by the other, Jane was the only one to file a formal complaint. Plaintiff was repeatedly told he could file a complaint (*see* Def. Reply ¶¶ 131, 161–62), but he opted not to do so throughout the investigation, hearing, determination and appeal of Jane's complaint. It is true, of course, that Plaintiff did eventually file a formal complaint as well. But Plaintiff did not file a complaint until seven months after he had been expelled. Plaintiff and Jane were not similarly situated at that time either because he already had been expelled and thus was no longer a student at the university when he decided to file a formal complaint. So while NYU did treat Plaintiff and Jane differently, the two individuals *were*, at all relevant times, different in material ways.

In an attempt to avoid this manifest disparity, Plaintiff argues that he would have filed a formal complaint while a student (and thus would have been similarly situated to Jane) if he had not been told that his complaint would be considered only after Jane's complaint had been resolved. Pl. Facts ¶ 131; Metzler Decl., Ex. 10 ("Pl. Dep.") at 87:20–25. But this explanation, even assuming it true, does not change the analysis.[9] Simply "showing that the university had an unwritten, race-to-the-dean's-office policy . . . is not enough to support an inference of discrimination on the basis of sex." *Haidak v. Univ. of Mass.-Amherst*, 933 F.3d 56, 74 (1st Cir. 2019). In fact, Plaintiff's allegation on this score cuts against his bias argument, as it tends to show

---

[9] NYU points out that Plaintiff had previously explained in an email that he chose not to file a cross-complaint because he "did not want to distress Jane." Def. Facts ¶ 131; *see also* Metzler Decl., Ex. 33. At this stage of the proceedings, the Court draws every reasonable inference in Plaintiff's favor and thus credits his testimony with respect to his motivation for not filing a timely complaint. *See M.A. ex rel. H.R. v. Rockland Cnty. Dep't of Health*, 53 F.4th 29, 35 (2d Cir. 2022).

"that the university pursued [Jane's] case instead of his because [she] made the allegation first—not because [Plaintiff's gender] influenced the university."[10] *Id.*

In a search for other evidence of supposed gender-based animus, Plaintiff next pivots to other students charged with misconduct. He points to a spreadsheet compiled by NYU that appears to show that *some* females students at the university received more lenient sanctions than *some* males for engaging in the same general categories of misconduct (*e.g.*, Relationship Violence or Sexual Harassment). Lau Decl., Ex. 4. But categories of misconduct can encompass a broad range of conduct with varying degrees of seriousness. And it is easy to cherry-pick out of a single broad category one female student and one male student who received different sanctions. The real problem is that Plaintiff "makes *no effort* to account for nondiscriminatory explanations of the disparity" in sanctions, such as the different facts of specific cases. *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 450 (2d Cir. 1999). Without even "attempting to control for such other causes," Plaintiff's assumption that gender bias affected the sanctions is "untenable." *Id.*; *see also Doe v. Univ. of Denver*, 952 F.3d 1182, 1193–94 (10th Cir. 2020) ("When the statistical evidence does nothing to eliminate these obvious, alternative explanations for the disparity, an inference that the disparity arises from gender bias on the part of the school is not reasonable").[11]

---

[10] Plaintiff suggests that bias is demonstrated by "NYU's decision to *sua sponte* increase the number of charges against Plaintiff while failing to pursue any action against Jane." Opp. at 12. It appears that what Plaintiff refers to as *sua sponte* adding claims means simply accounting for misconduct uncovered during the investigation. But in any event, Plaintiff fails to present any evidence that the alleged *sua sponte* increase was motivated by Plaintiff's gender rather than by his conduct uncovered during NYU's investigatory process. While Jane may not have filed a formal complaint with respect to the added charges, a formal complaint *had been filed* and the additional charges followed from the investigation into that complaint.

[11] Plaintiff also highlights the "lenient sanction" NYU imposed on a high-profile female professor accused of sexual harassment to suggest that NYU bowed to public pressure to treat a female more favorably than it would have treated a similarly situated hypothetical male. Opp. at 17. This is purely speculation. Plaintiff does not identify a similarly situated male professor who was subject to different or worse treatment. Nor does Plaintiff identify any evidence to suggest that NYU considered public pressure in determining the relevant sanction in that case. And, of course, that case is not the same as Jane's complaint against Plaintiff, which was resolved based on its unique facts. Plaintiff has thus failed to present facts that imply that NYU acted with gender bias in other cases—let alone facts that suggest it did so in this case.

Finally, Plaintiff points to a presentation titled "The Art of working with Sexual Misconduct Respondents," delivered by the Assistant Director of the Office of Student Conduct at NYU, Colleen Maeder. Lau Decl., Ex. 17. In the notes section of this presentation there is a header for "[t]hings I've heard from colleagues: Negative Stereotypes." Lau Decl., Ex. 17 at PDF 31. Under this header, there are certain statements—such as "[k]ick him out" and "[i]f he has an attorney, it's a sign of guilt"—that Plaintiff suggests could be evidence of gender animus against him. Lau Decl., Ex. 17 at PDF 31; *see also* Def. Reply Facts ¶¶ 341–43. But these statements do not move the needle in Plaintiff's favor. For one thing, the header of this slide referred to "*Negative* Stereotypes," which suggests that these are stereotypes that one should avoid. Moreover, Maeder testified at her deposition that she did *not* hear these comments from colleagues at NYU, but rather that these were general "stories" from "people across the country who work in the profession." Metzler Decl., Ex. 85 ("Maeder Dep.") at 96:8–20. Plaintiff has offered no evidence to rebut that testimony. As such, this presentation does not suggest that anyone at NYU (let alone anyone involved in Plaintiff's proceedings) had discriminatory intent.

At bottom, Plaintiff has pointed to no evidence that plausibly would support his claim that gender played a role, much less a discriminatory role, in the treatment of Jane's complaint and Plaintiff's post-expulsion complaint. As such, he fails to make out a *prima facie* gender discrimination case of either selective enforcement or erroneous outcome, and NYU is entitled to summary judgment on the Title IX claims.

## II.    STATE AND CITY LAW CLAIMS

Although Plaintiff has no federal claim that survives summary judgment, his state and city law claims arise from the same facts and rely on the same evidence as his federal claims, and as a result, this Court retains discretion to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(a); *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)

(noting that supplemental jurisdiction exists where pendent claims share a "common nucleus of operative fact" with federal claims) (internal quotation marks omitted)).  Given the substantial resources already expended by the parties in developing, and the Court in reviewing, the voluminous factual record and the numerous legal arguments in this case, the Court's exercise of supplemental jurisdiction over Plaintiff's pendent claims is warranted.  *See Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004).

### A.  NYCHRL CLAIM

To plead a discrimination claim under the NYCHRL, a plaintiff must allege only that he was "treated less well . . . because of a discriminatory intent."[12]  *Syeed v. Bloomberg L.P.*, 568 F. Supp. 3d 314, 321 (S.D.N.Y. 2021).  While courts have considered the NYCHRL standard to be more "liberal than the corresponding federal and state law standards," *id.*, "it still requires a showing of *some* evidence from which discrimination can be inferred," *Ben-Levy v. Bloomberg, L.P.*, 518 F. App'x 17, 20 (2d Cir. 2013) (emphasis added).  Here, Plaintiff's NYCHRL claim is "indistinguishable from" his Title IX claims because, for the reasons stated above, he "fails to point to *any* evidence from which a reasonable jury could conclude that [NYU] was motivated by discrimination."  *Id.* (emphasis added).  Accordingly, Plaintiff's city law claim must fail too.

### B.  Promissory Estoppel Claim

Plaintiff brings a common law claim of promissory estoppel based on the alleged promise by his Respondent Facilitator, Allen McFarlane, that Plaintiff would not be expelled based on the misconduct alleged in Jane's complaint.[13]  Plaintiff claims that he relied on this promise in

---

[12] While the NYCHRL has traditionally been applied in the employment context, the parties do not dispute that it properly applies in the educational context as well.  The Court need not resolve this question, however, given that Plaintiff cannot prevail on his NYCHRL claim even assuming NYCHRL applies in the context of education discipline.

[13] Plaintiff's complaint also contains allegations, within his promissory estoppel claim, that NYU breached express and implied promises to him. AC ¶¶ 509–11.  But this argument is waived because Plaintiff entirely failed to respond in its briefing to NYU's argument that it did not break any express or implied promises.  *See* Def. Br. at 24; *Arista*

deciding not to hire counsel to defend him, and that his expulsion was a direct consequence of this decision to not vigorously defend himself.

A promissory estoppel claim brought under New York law has three elements: "[1] a clear and unambiguous promise; [2] a reasonable and foreseeable reliance by the party to whom the promise is made, and [3] an injury sustained by the party asserting the estoppel by reason of the reliance." *Cacchillo v. Insmed, Inc.*, 551 F. App'x 592, 594 (2d Cir. 2014) (quoting *Cyberchron Corp. v. Calldata Sys. Dev., Inc.*, 47 F.3d 39, 44 (2d Cir. 1995)).

Plaintiff's claim has no merit. Even assuming McFarlane made a clear and unambiguous promise, and that Plaintiff was injured because of his reliance on that promise (both dubious propositions), Plaintiff's claim must fail because he cannot demonstrate that his reliance was reasonable. The potential consequences were clear. On multiple occasions, NYU provided Plaintiff with a copy of the Misconduct Policy, which clearly stated that violations of that policy could result in "disciplinary action, up to and including separation from NYU." Metzler Decl. Ex. 1, Part A at PDF 37. Plaintiff testified that he had reviewed the Misconduct Policy, and that he was aware that expulsion was a possible sanction. Lau Decl. Ex. 3 ("Pl. Dep.") at 110:15–11:14.

In addition, the Misconduct Policy stated that Mary Signor was "charged with monitoring compliance with Title IX; providing education training and notifications; overseeing complaints; and coordinating NYU's investigation, response, and resolution of all reports under this policy." Metzler Decl. Ex. 1, Part A at PDF 37. It is undisputed that Plaintiff was told during his initial meeting with Signor that he could be expelled based on the allegations in Jane's complaint. Def. Facts ¶ 132; Pl. Facts ¶ 132. Signor later expressed the same potential outcome in a phone call

---

*Recs., LLC v. Tkach*, 122 F. Supp. 3d 32, 39 (S.D.N.Y. 2015) (a plaintiff "waives" a claim where he fails to "oppose specific arguments" about that issue "in a motion to dismiss" (internal quotation marks omitted)).

with Plaintiff's mother, when Signor explained that Plaintiff being expelled would be the worst-case scenario.  Def. Facts ¶ 147; Pl. Facts ¶ 147.

It simply was not reasonable for Plaintiff to rely on statements made by McFarlane that were in direct conflict with what Signor had told Plaintiff as early as their very first meeting. McFarlane was Plaintiff's appointed advisor, who had no role in adjudicating the facts of the case or in determining a sanction.  Plaintiff, according to his own deposition testimony, understood McFarlane's limited role from the beginning.  Metzler Decl., Ex. 10 ("Pl. Dep.") at 119:22–120:18 ("I did not think my advisor would make a determination on the sanctions . . . .").  McFarlane's only role was to give advice.

Plaintiff now claims that the advice given, or the prediction made, was bad or misleading. But to the extent that any prediction made with respect to possible sanctions could be interpreted as a promise, it was not a promise upon which it was reasonable to rely.  Given the respective roles of Signor and McFarlane (and Plaintiff's knowledge of these roles), any supposed reliance on statements by McFarlane was, as a matter of law, not reasonable.  A person cannot reasonably rely on a promise made by someone who has no authority to make the promise or any ability to keep it.  *See Oppman v. IRMC Holdings, Inc.*, 14 Misc.3d 1219(A), 836 N.Y.S.2d 494 (N.Y. Sup. Ct. 2007) ("The First Department has found it neither reasonable, nor foreseeable, for plaintiff to rely on a promise, where the individuals purportedly making the promise lacked sufficient control over whether such promises would be honored." (citation omitted)).  In light of the undisputed fact that McFarlane's purported promise conflicted with the information provided by the written Misconduct Policy and by Signor herself, Plaintiff should have known better than to rely on it.

Accordingly, Plaintiff's remaining promissory estoppel claim fails, and NYU is entitled to summary judgment.

## CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment is GRANTED in its entirety. The Clerk of Court respectfully is requested to terminate the motion pending at ECF No. 85, enter judgment for NYU, and close the case.


SO ORDERED.

Dated:  August 17, 2023
New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
JOHN DOE,

                              Plaintiff,                     20 **CIVIL** 1343 (MKV)

        -against-                            **JUDGMENT**

NEW YORK UNIVERSITY.

                              Defendant.
--------------------------------------------------------------X

       It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons

stated in the Court's Opinion and Order dated August 17, 2023, Defendant's motion for summary

judgment is GRANTED in its entirety; accordingly, the case is closed.


**Dated:** New York, New York
          August 18, 2023


                                    **RUBY J. KRAJICK**
                               _____
                                   **Clerk of Court**

                    **BY:**      _____
                                    **Deputy Clerk**