23-1246
Doe v. New York Univ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand twenty-four.

PRESENT:
    JON O. NEWMAN,
    JOSÉ A. CABRANES,
    MYRNA PÉREZ,
        *Circuit Judges.*

_____

JOHN DOE,

        *Plaintiff-Appellant*,

    v.                                                                              No. 23-1246

NEW YORK UNIVERSITY,

        *Defendant-Appellee.*

_____

| | | |
|---|---|---|
| **FOR PLAINTIFF-APPELLANT:** | | NORMAN A. PATTIS, Pattis & Associates, LLC, New Haven, CT. |
| **FOR DEFENDANT-APPELLEE:** | | JEFFREY METZLER (Max Winograd, *on the brief*), Pillsbury Winthrop Shaw Pittman LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Vyskocil, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

## BACKGROUND

New York University ("NYU") expelled John Doe after a formal complaint filed by Jane Roe, a fellow student, triggered a disciplinary proceeding. After an investigation and a hearing, NYU found that Doe had stalked, sexually harassed, and sexually exploited Roe and repeatedly violated a university directive not to contact her. Doe maintains that he would have filed a counter-complaint against Roe, and defended himself more aggressively, but for an assurance by his appointed faculty advisor that NYU would not expel him. After unsuccessfully appealing his expulsion, Doe sued NYU for gender discrimination under Title IX, 20 U.S.C. § 1681, and the New York City Human Rights Law, alleging bias in his disciplinary proceeding.[1] He also brought a claim for promissory estoppel under New York state law, claiming that he detrimentally relied on his faculty advisor's prediction that he would not be expelled.

The district court granted summary judgment for NYU, concluding that Doe had failed to adduce any evidence of gender bias. The court also dismissed Doe's promissory-estoppel claim, finding that his reliance on the faculty advisor's predictions would not have been reasonable. We

---

[1] Doe does not appeal the dismissal of his claim under the New York City Human Rights Law.

assume the parties' familiarity with the remaining facts and procedural history, which we recount only as necessary to explain our decision.

## DISCUSSION

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We agree with the district court that Doe failed to establish a genuine material factual dispute as to any of his claims. *Cf. Williams v. McAllister Bros. Inc.*, 534 F.2d 19, 24 (2d Cir. 1976) (affirming summary judgment for defendant because plaintiff failed to adduce sufficient evidence).

### I. Title IX Claim

In a Title IX case alleging gender discrimination in university discipline, generally a plaintiff must show that gender bias influenced the decision to initiate disciplinary proceedings, the finding that the plaintiff committed an offense, or the severity of the resulting penalty.[2] *Radwan v. Manuel*, 55 F.4th 101, 130 (2d Cir. 2022) (citing *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994)). Doe failed to adduce sufficient evidence supporting a claim under any such theory.

On appeal, Doe relies on one piece of evidence: a spreadsheet showing NYU's disciplinary outcomes in sexual-misconduct proceedings, broken down by the respondent student's gender.[3]

---

[2] Like the district court, we decline to decide whether Doe would have needed to prove that his gender was the but-for cause of his expulsion or, rather, that his gender was merely a motivating factor. We agree with the district court that summary judgment for NYU was appropriate under either standard.

[3] In his brief, Doe seems to rely on a second piece of evidence—his assertion that NYU investigated his conduct toward Roe but did not investigate her conduct toward him. Doe's counsel, however, disclaimed reliance on this evidence at oral argument, stating that the spreadsheet was the only evidence of gender discrimination in the record.

To establish gender discrimination indirectly, a plaintiff may show that similarly situated students of a different gender were treated more favorably. *Radwan*, 55 F.4th at 132. To that end, Doe notes that NYU expelled four male and no female students during the 2015/16 through 2019/20 academic years. Female students, he notes, received only probation or suspension.

For data such as these to establish a genuine factual dispute, they must be sufficiently detailed to allow a jury to find that the comparators were similarly situated to the plaintiff in relevant respects, permitting a reasonable inference that a disparity in their treatment was due to gender bias. *Cf. Radwan*, 55 F.4th at 133–35 (finding detailed description of alleged misconduct by comparator students sufficient to defeat summary judgment); *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 450 (2d Cir. 1999) (finding inadmissible a statistical analysis that did not control for major variables that would indicate nondiscriminatory explanations).

The spreadsheet to which Doe points us lacks that detail. It indicates only the broad categories of misconduct that each female student was found to have committed: "Relationship Violence" for two students; "Sexual Harassment" for one; and "Stalking and Sexual Exploitation" for another. By contrast, Doe was found responsible for stalking, sexual harassment, sexual exploitation, and repeatedly violating a no-contact directive. Even drawing every permissible inference in Doe's favor, a jury could not reasonably infer from this spreadsheet alone that NYU discriminated against him based on his gender.

Having not been presented with sufficient evidence to sustain Doe's Title IX claim, the district court was correct to dismiss it.

---

*See* Oral Arg. Audio Recording at 7:07-08 ("It's the only evidence I saw in the record, Judge.").

4

## II. <u>Promissory-Estoppel Claim</u>

Nor does Doe's evidence establish a genuine basis for sending his promissory-estoppel claim to a jury. A plaintiff bringing such a claim under New York law must prove that they reasonably relied on an unambiguous promise and suffered harm as a result of that reliance. *Chem. Bank v. City of Jamestown*, 122 A.D.2d 530, 531 (4th Dep't 1986); *Cyberchron Corp. v. Calldata Sys. Dev., Inc.*, 47 F.3d 39, 44 (2d Cir. 1995). For that reliance to be reasonable, the plaintiff must have a reasonable basis to think that the person making the promise had the power to keep it. *See Chem. Bank*, 122 A.D.2d at 531. Otherwise, the alleged "promise" amounts to nothing more than an "opinion." *Id.*; *see also McAleenan v. Mass. Bonding & Ins. Co.*, 133 N.E. 444, 446 (N.Y. 1921) ("[A]n opinion does not become the basis of an estoppel.").

At oral argument, Doe's counsel conceded that the faculty advisor offered merely "a forecast" of the outcome. Oral Arg. Audio Recording at 2:31-32. A forecast is an opinion, not a promise. Doe has also acknowledged that he understood his faculty advisor would not play a role in deciding his penalty. So even if the advisor's forecast were conveyed as a promise, Doe's reliance on it would have been unreasonable. Dismissal of the promissory-estoppel claim was proper.

* * *

We have considered Doe's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5